**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Jeffrey A. MADEIRA, Appellee.**

Superior Court of Pennsylvania.

Submitted May 11, 2009.
Filed Sept. 14, 2009.

Kelly S. Kline, Asst. Dist. Atty., Reading, for the Com., appellant.

James M. Polyak, Reading, for appellee.

BEFORE: STEVENS, SHOGAN, JJ. and McEWEN, P.J.E.

OPINION BY SHOGAN, J.:

¶ 1 The Commonwealth appeals from the judgment of sentence imposed upon Appellee, Jeffrey A. Madeira, following his conviction of failure to comply with registration of sexual offenders requirements. After careful review, we vacate the judgment of sentence and remand for resentencing.

¶ 2 The trial court set forth the procedural history of this matter as follows:

On August 26, 2008, [Appellee] entered a guilty plea to failure to comply with registration of sexual offenders requirements[1] and was subsequently sentenced to serve a term of not less tha[n] twelve months nor more than three years of incarceration. On August 29, 2008, the Commonwealth filed a motion to modify sentence, which was denied by this court following argument on September 12, 2008. On or about October 1, 2008, the Commonwealth filed an appeal. On October 2, 2008, this court directed the Commonwealth to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The Commonwealth complied with this Court's Order on October 20, 2008.

_____
[1] 18 Pa.C.S.A. § 4915(a)(2).

Trial Court Opinion, 11/26/08, at 1.

¶ 3 The Commonwealth presents the following issue for our review:

Whether the trial court erred in imposing an illegal sentence following the Commonwealth's properly filed notice of intent to invoke the mandatory sentencing provision for failing to comply with registration of sexual offenders where the trial court sentenced [Appellee] to twelve months to three years instead of the mandatory minimum three years of incarceration?

Commonwealth's Brief at 4.

¶ 4 The Commonwealth argues the trial court imposed an illegal sentence when it misinterpreted the relevant mandatory sentencing statute. Specifically, the Commonwealth asserts that the term "not less than," employed by the mandatory sentencing statute, refers to the minimum sentence that the trial court can impose. The Commonwealth contends that the trial court should have imposed a mandatory minimum sentence of three years and not a maximum sentence of three years. We are constrained to agree.

¶ 5 As a general matter, the Commonwealth's issue challenges the legality of the sentence imposed because it questions whether the trial court sentenced Appellee outside of the statutory limits. *See Commonwealth v. Pleger,* 934 A.2d 715, 718 (Pa.Super.2007) (stating that a sentence imposed by the trial court that is below the minimum required by statute is illegal). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Williams,* 868 A.2d 529, 532 (Pa.Super.2005), *appeal denied,* 586 Pa. 726, 890 A.2d 1059 (2005).

¶ 6 This matter pertains to the interpretation of the mandatory sentencing provisions, relating to convictions for failure to comply with registration of sexual offenders, as set forth at 42 Pa.C.S.A. § 9718.3.

In construing the enactments of the Legislature, appellate courts must refer to the provisions of the Statutory Construction Act. *Commonwealth v. Campbell*, 758 A.2d 1231, 1233 (Pa.Super.2000) (quoting *Key Savings & Loan Association v. Louis John, Inc.*, 379 Pa.Super. 226, 549 A.2d 988, 990 (1988)). Therefore, the Statutory Construction Act of 1972 ("Act") controls. 1 Pa.C.S.A. §§ 1501–1991.

> The Act instructs, in relevant part that, "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly,["] and ["w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(a), (b). A court should resort to other considerations, such as the General Assembly's purpose in enacting a statute, only when the words of a statute are not explicit. 1 Pa.C.S.A. § 1921(c). The Act also provides that "[w]ords and phrases shall be construed according to the rules of grammar and according to their common and approved usage," but that "technical words and phrases and such others as have acquired a peculiar and appropriate meaning ... shall be construed according to such peculiar and appropriate meaning." 1 Pa.C.S.A. § 1903(a). Finally, in ascertaining the General Assembly's intent, we may presume that the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable. 1 Pa.C.S. § 1922(1).

*Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa.Super.2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008).

¶ 7 The mandatory sentencing statute in question provides, in relevant part, as follows:

**§ 9718.3. Sentence for failure to comply with registration of sexual offenders**

**(a) MANDATORY SENTENCE.**— Mandatory sentencing shall be as follows:

> (1) Sentencing upon conviction for a first offense shall be as follows:
>
> . . .
>
> (iii) **Not less than** three years for an individual who:
>
> (A) was subject to section 9795.1(b) or a similar provision from another jurisdiction; and
>
> (B) violated 18 Pa.C.S. § 4915(a)(1) or (2).

42 Pa.C.S.A. § 9718.3(a)(1)(iii) (emphasis added). In addition, we are mindful of the following other relevant provisions of the mandatory sentencing statute:

**(c) AUTHORITY OF COURT IN SENTENCING.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

**(d) APPEAL BY COMMONWEALTH.**—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that

the sentence was imposed in violation of this section.

42 Pa.C.S.A. § 9718.3(c), (d).

¶ 8 Specifically, the words we are called upon to interpret in this mandatory sentencing statute are "not less than." 42 Pa.C.S.A. § 9718.3(a)(1)(iii). In *Commonwealth v. O'Brien*, 356 Pa.Super. 294, 514 A.2d 618 (1986), *appeal denied*, 515 Pa. 576, 527 A.2d 537 (1987), this Court had occasion to address the meaning of the phrase "not less than" in the context of a mandatory sentencing statute. In *O'Brien*, the appellant was convicted of various crimes committed against a child. *Id.* at 619. The appellant was sentenced to a term of imprisonment of five to ten years pursuant to the mandatory provisions of 42 Pa.C.S.A. § 9718 (sentences for offenses against infant persons).[1] *Id.* The appellant argued that the statute was ambiguous because it did not include the words "minimum" or "maximum." *Id.* at 620. The appellant further claimed the sentencing statute should be read in favor of the defendant and, thus, imposed a mandatory maximum sentence of five years, rather than a mandatory minimum sentence of five years. *Id.*

¶ 9 This Court addressed the appellant's claim in *O'Brien* and offered the following relevant interpretation of the phrase "not less than":

The words "not less than" used in the statute unambiguously connote a minimum term of imprisonment. It strains all notions of common sense to suggest that "not less than" can reasonably be interpreted as meaning "maximum." Under the present facts, if such construction was followed, the statute would effectively provide for a sentence of "not less than a maximum of five years." This nonsensical application would simultaneously command a sentence of at least and of at most five years. We refuse to so adulterate the efforts of our Legislature.

*O'Brien*, 514 A.2d at 620. Consequently, pursuant to *O'Brien*, the words "not less than" have acquired a peculiar and appropriate meaning and they shall be construed according to such meaning.

¶ 10 Here, the statute in question was enacted by the Legislature approximately 20 years after this Court defined the meaning of the phrase "not less than" in *O'Brien*. Thus, we conclude that the General Assembly, in choosing the words "not less than" intended the language to have the meaning equal to that espoused in our longstanding decision in *O'Brien*. Accordingly, we conclude that the phrase "not less than" refers to the minimum sentence that the trial court may impose.

¶ 11 We next address the applicability of the statute to the case at hand. Our review of the record reflects that on February 21, 2008, Appellee was charged with two counts of failure to comply with registration of sexual offenders requirements under 18 Pa.C.S.A. § 4915(a)(1) & (2). On May 8, 2008, the Commonwealth filed notice of its intention to seek a mandatory minimum sentence of three years of im-

---

1. The statute which was the subject of discussion in *O'Brien* provided as follows:

    (a) **Mandatory sentence.**—A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

    18 Pa.C.S. § 2702(a)(1) and (4) (relating to aggravated assault)—**not less than** two years.
    18 Pa.C.S. § 3121 (relating to rape)—**not less than** five years.
    18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)—**not less than** five years.
    42 Pa.C.S.A. § 9718(a) (emphasis added).

prisonment pursuant to 42 Pa.C.S.A. § 9718.3. On August 26, 2008, Appellee pled guilty to one count of failure to comply with registration of sexual offenders requirements pursuant to 18 Pa.C.S.A. § 4915(a)(2). Following the trial court's acceptance of the guilty plea, the Commonwealth requested the trial court impose a mandatory sentence of three to six years incarceration pursuant to 42 Pa.C.S.A. § 9718.3. Thereafter, the trial court concluded that the mandatory sentence was fulfilled with the imposition of a sentence of one to three years of incarceration. Thus, the trial court's sentence is in violation of section 9718.3 which, as previously discussed, requires a mandatory minimum sentence of three years. Accordingly, because the mandatory sentence was applicable and the sentencing court did not apply it properly, we must vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with section 9718.3. *See* 42 Pa. C.S.A. § 9718.3(d).

¶ 12 Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.