J-S63027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE LAMONT SPANGLER, | |
| Appellant | No. 277 MDA 2014 |

Appeal from the Judgment of Sentence March 15, 2011
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0002280-2009

BEFORE:  BOWES, PANELLA, and PLATT, JJ.

CONCURRING MEMORANDUM BY BOWES, J.:  **FILED DECEMBER 02, 2014**

Numerous cases from this Court have held challenges to the imposition

of a mandatory minimum statute relate to the legality of sentence.[1]  This

---

[1]  **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*); **Commonwealth v. Lawrence**, 99 A.3d 116 (Pa.Super. 2014); **Commonwealth v. Valentine**, 2014 PA Super 220; **Commonwealth v. Matteson**, 96 A.3d 1064 (Pa.Super. 2014); **Commonwealth v. Thompson**, 93 A.3d 478 (Pa.Super. 2014); **Commonwealth v. Akbar**, 91 A.3d 227 (Pa.Super. 2014); **Commonwealth v. Watley**, 81 A.3d 108 (Pa.Super. 2013) (*en banc*); **Commonwealth v. Munday**, 78 A.3d 661 (Pa.Super. 2013); **Commonwealth v. Armstrong**, 74 A.3d 228 (Pa.Super. 2013); **Commonwealth v. Baker**, 72 A.3d 652 (Pa.Super. 2013); **Commonwealth v. Hopkins**, 67 A.3d 817 (Pa.Super. 2013); **Commonwealth v. Hawkins**, 45 A.3d 1123 (Pa.Super. 2012); **Commonwealth v. Stein**, 39 A.3d 365 (Pa.Super. 2012), *disapproved on other grounds by*, **Commonwealth v. Hanson**, 82 A.3d 1023 (Pa. 2013); **Commonwealth v. Stokes**, 38 A.3d 846 (Pa.Super. 2012); **Commonwealth v. Poland**, 26 A.3d 518 (Pa.Super. 2011); **Commonwealth v. Kittrell**, 19 A.3d 532 (Pa.Super. 2011); **Commonwealth v. Carpio-Santiago**, 14 A.3d 903 (Pa.Super. 2011);
*(Footnote Continued Next Page)*

authority includes decisions from this Court post-***Commonwealth v. Foster***, 17 A.3d 332 (Pa. 2011) (OAJC). ***See*** footnote 1 (collecting cases). Moreover, the plurality opinion by the Supreme Court leaves in place this Court's underlying decision in ***Foster***, which remains binding precedent on other three judge panels. ***See Sorber v. American Motorists Ins. Co.***,

---

*(Footnote Continued)*

***Commonwealth v. Madeira***, 982 A.2d 81 (Pa.Super. 2009); ***Commonwealth v. McKibben***, 977 A.2d 1188 (Pa.Super. 2009); ***Commonwealth v. Foster***, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC); ***Commonwealth v. Rush***, 959 A.2d 945 (Pa.Super. 2008); ***Commonwealth v. Love***, 957 A.2d 765 (Pa.Super. 2008); ***Commonwealth v. Diamond***, 945 A.2d 252 (Pa.Super. 2008); ***Commonwealth v. Stafford***, 932 A.2d 214 (Pa.Super. 2007); ***Commonwealth v. Harley***, 924 A.2d 1273 (Pa.Super. 2007); ***Commonwealth v. Johnson***, 920 A.2d 873 (Pa.Super. 2007); ***Commonwealth v. Littlehales***, 915 A.2d 662 (Pa.Super. 2007); ***Commonwealth v. Bongiorno***, 905 A.2d 998 (Pa.Super. 2006); ***Commonwealth v. Bell***, 901 A.2d 1033 (Pa.Super. 2006); ***Commonwealth v. Edrington***, 780 A.2d 721 (Pa.Super. 2001); ***Commonwealth v. Wynn***, 760 A.2d 40 (Pa.Super. 2000), *reversed on other ground*, 786 A.2d 202 (Pa. 2001); ***see also Commonwealth v. Vasquez***, 744 A.2d 1280 (Pa. 2000) (Commonwealth's issue on appeal regarding failure to impose a mandatory fine under 18 Pa.C.S. § 7508 was non-waivable illegal sentencing claim); ***Commonwealth v. Eisenberg***, 98 A.3d 1268 (Pa. 2014) (constitutional challenge to mandatory minimum fine was illegal sentencing question); ***Commonwealth v. Jacobs***, 900 A.2d 368 (Pa.Super. 2006) (*en banc*) (noting in *dicta* that certain mandatory minimum sentencing claims present legality of sentence issues).

In ***Commonwealth v. Williams***, 787 A.2d 1085 (Pa.Super. 2001), a panel of this Court did hold that a constitutional challenge to 42 Pa.C.S. § 9712, based on it violating the defendant's jury trial rights, was a discretionary sentencing claim. That decision is no longer valid in light of decisions such as ***Newman***.

680 A.2d 881, 882 (Pa.Super. 1996) ("As long as the decision has not been overturned by our Supreme Court, it remains binding precedent.").

The majority's tally of votes in the Supreme Court's **Foster** decision, though interesting, is a *non-sequitur*. The question is whether other decisions from this Court have interpreted similar claims as legality-of-sentence issues. Frankly, the fact that four Justices, some of whom are no longer on our High Court, rejected a bright-line test is not of precedential significance where a majority of Justices could not agree on a single rationale. Our *en banc* decisions and other cases decided both before and after the Supreme Court's decision in **Foster** remain viable precedent that must be applied in a principled manner where the issues are the same or cannot be meaningfully distinguished.

I recognize that the author of the learned majority is reiterating an almost identical position to the one he espoused in **Commonwealth v. Boyd**, 73 A.3d 1269 (Pa.Super. 2013) (*en banc*). That decision involved a fine; hence, it is not controlling in this case. Moreover, **Boyd** cannot be read to overturn decisions that occurred after it.

Like the majority, however, I agree that mere incantation that a mandatory minimum sentencing statute violates the constitution should not always be considered a legality of sentence question. This Court does not *sua sponte* raise and address every conceivable constitutional claim where a mandatory minimum is imposed, nor do we generally find a sentence to be illegal unless an intervening decision occurs, rendering the sentencing

statute or application of the statute constitutionally or statutorily suspect. For example, this case involves a mandatory sentence triggered by prior convictions. Prior convictions currently remain an exception to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), and ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), which permit a judge to determine prior convictions by a preponderance-of-the-evidence standard at sentencing. We do not *sua sponte* address and afford relief on a claim that the mandatory violates the jury trial right based on counting the votes of Justices on the United States Supreme Court.

Indeed, I have commented on the need for this Court to more carefully consider individualized sentencing issues in determining whether the claim implicates the legality of sentence construct. ***See Commonwealth v. Tobin***, 89 A.3d 663 (Pa.Super. 2014). This Court has recently held that secondary issues arising out of a mandatory sentencing claim relate to the legality of a sentence in vacating a sentence where the secondary matter was not preserved or argued. For example, in ***Newman***, this Court reached a question of severability that had not been raised below under the guise that the statute involved was a mandatory sentencing statute. Similarly, in ***Valentine***, *supra*, this Court vacated a sentence in part based on ***Newman*** and a separation of powers argument that had never been leveled at the trial level.

I acknowledge that I myself, based on existing precedent, have *sua sponte* raised an ***Alleyne*** mandatory minimum sentencing issue, but I found

the sentence therein to be legal. *Watley*, *supra*. It is one thing for this Court to consider an issue as a legality of sentence claim and then reject the position that the sentence is illegal, but quite another to afford relief on a nuanced statutory or constitutional argument not advanced at the trial level or on appeal. Indeed, in *Watley*, I set forth that merely invoking that a sentence violated due process did not preclude waiver. Furthermore, our Supreme Court has declined to reach legality of sentence questions that were not adequately briefed. *Commonwealth v. Briggs*, 12 A.3d 291, 344 (Pa. 2011) (declining to review Eighth Amendment and Article I, § 13 claims due to inadequate briefing); *see also Commonwealth v. Belak*, 825 A.2d 1252, 1256 n.10 (Pa. 2003) (declining to address legality of sentence question where issue was not included in petition for allowance of appeal or original brief).

Were I writing on a clean slate, or in an *en banc* decision where the issues are squarely before this Court, I would be willing to revisit our prior decisions to the extent that they can be read as a blanket statement that all mandatory minimum sentencing challenges implicate the legality of a sentence. Pointedly, I agree with the author of the majority insofar as he recognizes that Appellant's due process and equal protection claims are not the type of claims that are "obvious or undeniable." Majority Memorandum, at 8.

To be sure, I joined this Court's opinion in *Commonwealth v. Lawrence*, 99 A.3d 116 (Pa.Super. 2014), which found waiver of an equal

protection and *ex post facto* challenge to a mandatory minimum sentence. Therein, we also discussed that a mandatory sentencing statute related to an **Alleyne** issue was an illegal sentencing claim. However, we distinguished between **Apprendi**, **Alleyne**, Eighth Amendment claims, and double jeopardy issues and other constitutional challenges to a mandatory sentence. The **Lawrence** Court opined,

> In our view, there is a meaningful difference between the remaining [equal protection and *ex post facto* claims] Appellant raises in this case and issues pertaining to the Eighth Amendment, merger, **Apprendi** and **Alleyne**. The Eighth Amendment, merger, **Apprendi**, and even **Alleyne** all directly circumscribe the trial court's sentencing process and sentencing authority. Stated another way, the goal of the Cruel and Unusual Punishment Clause, the merger doctrine, **Apprendi** and **Alleyne** is to protect defendants from the imposition of punishments **by trial judges** that are unconstitutional, imposed through unconstitutional processes, or are a "greater punishment than the legislature intended."

**Lawrence**, *supra* at 123 (emphasis in original). We continued,

> Appellant has not cited to any case where we have allowed a constitutionally-based legality of sentencing claim regarding mandatory minimum sentencing to be raised for the first time on appeal, leaving aside cases involving **Alleyne**. If we were to hold that an Equal Protection and *Ex Post Facto* challenge is non-waivable because a mandatory minimum sentence is involved, th[e]n any state or federal constitutional provision that could serve as a basis to challenge a mandatory minimum sentence must also be non-waivable as well. Further, if we did not require preservation in the trial court, all of these constitutional challenges could also be raised by this Court *sua sponte* as well.

- 6 -

*Id*. at 124 (footnote omitted); *compare Commonwealth v. Harley*, 924 A.2d 1273 (Pa.Super. 2007) (rejecting equal protection argument to mandatory minimum sentence).

I am cognizant that in *Commonwealth v. Wynn*, 760 A.2d 40 (Pa.Super. 2000), *reversed on other ground*, 786 A.2d 202 (Pa. 2001), we did consider a constitutional claim unrelated to *Apprendi*, *Alleyne*, Eighth Amendment issues, double jeopardy or merger as an illegal sentencing claim. We, nonetheless, affirmed. That decision was initially granted review by our Supreme Court on the question of whether the constitutional challenge was a non-waivable illegal sentencing claim. *See Commonwealth v. Wynn*, 771 A.2d 1232 (Pa. 2001). However, the statute in question was ruled unconstitutional by another decision and, without addressing the question of waiver or issue preservation, the Supreme Court reversed in a *per curiam* order. In subsequent cases, we have retreated from the view that any constitutional challenge to a sentencing statute is non-waivable. *See Watley*, *supra*; *Lawrence*, *supra*; *Commonwealth v. Jacobs*, 900 A.2d 368 (Pa.Super. 2006) (*en banc*).

Since neither of Appellant's claims is the type of mandatory minimum challenge that has previously been held to implicate the legality of one's sentence, I agree that Appellant's due process and equal protection issues

are waived.[2] ***See Lawrence***, ***supra***; ***see also Commonwealth v. Gunter***, 849 A.2d 587 (Pa.Super. 2004) (equal protection claim waived even though defendant was sentenced to school zone mandatory minimum).

---

[2] I join in the majority's rejection of Appellant's Eighth Amendment position.