J-S04027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NOEL CALA LELIEBRE, | |
| Appellant | No. 904 MDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000050-2011

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

CONCURRING MEMORANDUM BY BOWES, J.:        **FILED MARCH 26, 2015**

I agree in full with the majority's resolution of the issues raised by Appellant.  In light of this Court's recent decisions discussing severability and mandatory minimum sentencing, I concur in the result of vacating Appellant's judgment of sentence.  I add that I have outlined my reasons for why I believe **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), and its progeny are erroneous and continue to adhere to those views.  **See Commonwealth v. Bizzel**, 107 A.3d 102 (Pa.Super. 2014) (Bowes, J., concurring); **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014) (Bowes, J., concurring).

Pointedly, this case is yet another reason to reconsider our boilerplate statements that virtually all mandatory minimum sentencing questions pertain to the legality of one's sentence.  **Compare Commonwealth v.**

*Retired Senior Judge assigned to the Superior Court.

*Lawrence*, 99 A.3d 116 (Pa.Super. 2014) (non-*Apprendi* and *Alleyne* constitutional challenges to mandatory sentencing statute were waivable). Although in *Commonwealth v. Watley*, 81 A.3d 108 (Pa.Super. 2013) (*en banc*), I authored a decision setting forth, in the pre-*Alleyne* sentencing setting, that an *Alleyne* issue could raise an illegal sentencing issue, we did not find the actual sentence to be illegal. Therefore, there is a distinction between a legality of sentence issue and a sentence that is actually illegal.

As noted, in recent cases I have criticized this Court's severability analysis relative to mandatory minimums, *see Bizzel*, *supra*; *Wolfe*, *supra*, and suggested that we re-visit our legality of sentence paradigm as it relates to *Alleyne* mandatory minimum questions. *See Wolfe*, *supra*.[1]

---

[1] In addition to *Alleyne*-related issues, in a host of other cases, both this Court and our Supreme Court have construed various mandatory minimum sentencing claims as legality of sentence questions. *See Commonwealth v. Akbar*, 91 A.3d 227 (Pa.Super. 2014); *Commonwealth v. Armstrong*, 74 A.3d 228 (Pa.Super. 2013); *Commonwealth v. Baker*, 72 A.3d 652 (Pa.Super. 2013); *Commonwealth v. Hopkins*, 67 A.3d 817 (Pa.Super. 2013); *Commonwealth v. Hawkins*, 45 A.3d 1123 (Pa.Super. 2012); *Commonwealth v. Stein*, 39 A.3d 365 (Pa.Super. 2012), *disapproved on other grounds by*, *Commonwealth v. Hanson*, 82 A.3d 1023 (Pa. 2013); *Commonwealth v. Stokes*, 38 A.3d 846 (Pa.Super. 2012); *Commonwealth v. Poland*, 26 A.3d 518 (Pa.Super. 2011); *Commonwealth v. Kittrell*, 19 A.3d 532 (Pa.Super. 2011); *Commonwealth v. Carpio-Santiago*, 14 A.3d 903 (Pa.Super. 2011); *Commonwealth v. Madeira*, 982 A.2d 81 (Pa.Super. 2009); *Commonwealth v. McKibben*, 977 A.2d 1188 (Pa.Super. 2009); *Commonwealth v. Foster*, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC); *Commonwealth v. Rush*, 959 A.2d 945 (Pa.Super. 2008); *Commonwealth v. Love*, 957 A.2d 765 (Pa.Super. 2008); *Commonwealth v. Diamond*, 945 A.2d 252 (Pa.Super. 2008);

Further, I have been reluctant to *sua sponte* overturn a mandatory sentence without adequate briefing. **See Wolfe**, **supra** (noting that our Pennsylvania Supreme Court has declined to address illegal sentencing questions not raised or adequately argued in that court).

---

**Commonwealth v. Stafford**, 932 A.2d 214 (Pa.Super. 2007); **Commonwealth v. Harley**, 924 A.2d 1273 (Pa.Super. 2007); **Commonwealth v. Johnson**, 920 A.2d 873 (Pa.Super. 2007); **Commonwealth v. Littlehales**, 915 A.2d 662 (Pa.Super. 2007); **Commonwealth v. Bongiorno**, 905 A.2d 998 (Pa.Super. 2006); **Commonwealth v. Bell**, 901 A.2d 1033 (Pa.Super. 2006); **Commonwealth v. Jacobs**, 900 A.2d 368 (Pa.Super. 2006) (*en banc*) (noting in *dicta* that certain mandatory minimum sentencing claims present legality of sentence issues); **Commonwealth v. Edrington**, 780 A.2d 721 (Pa.Super. 2001); **Commonwealth v. Wynn**, 760 A.2d 40 (Pa.Super. 2000), *reversed on other ground*, 786 A.2d 202 (Pa. 2001); **see also Commonwealth v. Taylor**, __ A.3d __ (Pa. 2014) (filed November 20, 2014) (failure to order mandatory drug and alcohol assessment prior to sentencing, in violation of statutory language, presented legality of sentence issue); **Commonwealth v. Vasquez**, 744 A.2d 1280 (Pa. 2000) (Commonwealth's issue on appeal, regarding failure to impose a mandatory fine under 18 Pa.C.S. § 7508, was non-waivable illegal sentencing claim); **Commonwealth v. Eisenberg**, 98 A.3d 1268 (Pa. 2014) (constitutional challenge to mandatory minimum fine was illegal sentencing question).

In **Commonwealth v. Williams**, 787 A.2d 1085 (Pa.Super. 2001), a panel of this Court did hold that a constitutional challenge to 42 Pa.C.S. § 9712, based upon a violation of the defendant's jury trial rights, was a discretionary sentencing claim. That decision is no longer valid in light of decisions such as **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), and **Commonwealth v. Ferguson**, 2015 PA Super 1.

I add that at the time of the writing of my concurrence in **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014), our Supreme Court had granted allowance of appeal to consider whether **Alleyne** claims were illegal sentencing questions. **Commonwealth v. Johnson**, 93 A.3d 806 (Pa. 2014). On the same date that **Wolfe** was decided, the Supreme Court dismissed that appeal as improvidently granted. **Commonwealth v. Johnson**, 2014 WL 7335218 (filed Dec. 24, 2014).

- 3 -

I continue to subscribe to those views and believe our post-*Alleyne* sentencing jurisprudence relative to severability, separation of powers, and illegal sentencing questions has lost sight of the constitutional grounds of the *Alleyne* decision, which was to protect a defendant's jury trial right. Here, there was no jury trial right violation because the jury determined the amount of heroin beyond a reasonable doubt, as indicated by its verdict slip.

My own position is that there is a critical distinction between pre-*Alleyne* mandatory cases, where judges were sentencing based on essential facts connected to the crime that were not determined by a jury or agreed to by the defendant via stipulation or a plea, and post-*Alleyne* sentencing cases. In the latter situation, I believe any *Alleyne* issue should be preserved because the courts and Commonwealth were attempting to comply with that decision, thereby eliminating the constitutional jury trial problem. Hence, the grounds as to why a sentence would be constitutionally infirm are simply not the same in the pre-*Alleyne* cases. Phrased differently, in the pre-*Alleyne* cases there is an alleged and, in some cases, actual constitutional violation, based on an intervening change in the law, in combination with a lack of discretionary authority on the part of the sentencing judge. In post-*Alleyne* cases, as here, the constitutional jury trial violation is generally no longer a concern.

Nonetheless, a line of decisions has developed from this Court that currently compels vacating Appellant's sentence as illegal. ***Newman***, ***supra***, ***Commonwealth v. Vargas***, 2014 PA Super 289 (*en banc*); ***Commonwealth v. Fennell***, 105 A.3d 13 (Pa.Super. 2014); ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa.Super. 2014); ***Commonwealth v. Cardwell***, 105 A.3d 748 (Pa.Super. 2014); ***Bizzel***, ***supra***; ***Wolfe***, ***supra***; ***Commonwealth v. Ferguson***, 2015 PA Super 1. Absent ***Newman*** and ***Valentine***, and their progeny, I would affirm. However, as those cases are currently binding, I am constrained to concur.