J-S80017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAAC CARMICHAEL | : | |
| | : | |
| Appellant | : | No. 433 EDA 2016 |

Appeal from the Judgment of Sentence January 8, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008846-2013

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                      **FILED FEBRUARY 09, 2018**

Appellant, Isaac Carmichael, appeals from the judgment of sentence entered on January 8, 2016, after a jury found him guilty of aggravated assault[1] and assault of a law enforcement officer.[2]  We affirm.

In its opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court set forth the relevant facts of this case as follows:

> The charges subject to this appeal arise from an incident occurring on June 2, 2013 near the intersection of 6th & South Streets in Philadelphia. At that time, [Appellant] and a group of three (3) individuals who did not know him were involved in an altercation during which [Appellant] pulled a gun and fired shots in the direction of these persons. He then fled on foot. Police

---

[1] 18 Pa.C.S. § 2702(a)(1).

[2] 18 Pa.C.S. § 2702.1(a).

officers on patrol nearby heard the shots and proceeded to the area.

One of the officers responding to the sound of the gunshots was Sgt. Dominick Cole of the Philadelphia Police Department, who testified that upon hearing the shots, he and his fellow officers proceeded to the direction from where [the gunshots] had come. Upon arriving at the above intersection, he was directed by bystanders as to the direction [Appellant] had fled on foot. While in pursuit, he heard more shots being fired and continued in the direction of the sounds.

As he approached the area of the gunshots, Sgt. Cole testified that he:

> ... observed a male running on the sidewalk. I identified myself as a police officer, the guy continued to run. I continued to identify myself. Then he turned around, haphazardly turned around, fired one shot. I jumped off my bike, took cover behind a vehicle. The guy continued to run. As he kept running, I then jumped back on my bike, followed the gentleman down the street approaching the intersection of 8th and Kater. At this time, I radioed, back up was in route. We cornered the suspect because the officers were coming eastbound and I was coming westbound. At that time, the gentleman put the gun -- he took the gun and attempted to put it in his book bag, in which he was tackled. He was brought and tackled to the ground, and I pulled the gun out of the book bag, which was still -- the gun was still warm when I pulled the gun out of the book bag, and we handcuffed him and then did the rest of the police work that we normally do after an incident of that nature.

> N.T., 06-16-2015, P. 63.

While in pursuit of [Appellant], Sgt. Cole, who was in his police uniform, yelled "Stop. Police" at least two times. In explaining this situation in further detail, Sgt. Cole stated that he took cover behind a car after he heard the second shot. In regard to [Appellant's] actions at that time, Sgt. Cole testified:

**A** That was after the second shot I heard. That was after the second shot.

**Q** Okay. At the point when you took cover behind the car, did you see [Appellant] pointing a gun at you?

**A** Well, I don't know if he was pointing a gun at me, but he kind of haphazardly turned and took a shot.

**Q** Okay. How far away from you was [Appellant] when he fired that shot?

**A** Not even -- it was just a car length. Because he was on the sidewalk, I was on my bicycle and we were almost, like, parallel. So it was not even a car length behind him.

**Q** Okay. After that shot, were there any more gunshots?

**A** No.

**Q** Okay. Did you return fire? Did you discharge your firearm?

**A** No.

N.T., 06-16-2015, P. 70.

Certain aspects of this incident [were] captured on security camera video which [was] admitted into evidence without objection and shown to the jury. In explaining to the jury what the video showed as it related to Sgt. Cole's pursuit of [Appellant], he stated that "right before [Appellant] gets to the tree is where he turns and shoots because it's - that particular part of Kater Street is really dark because of the tree, and that's where he turns and he fires the shot. That's where I see the muzzle flash and I get off my bike and take cover behind the car[] not a car length from [Appellant]."

Officer Cole did concede on cross-examination that when he ducked behind the car, he was in the street and [Appellant] was on the sidewalk and they were separated by a row of cars and he did not see where the shot went. Redirect-examination revealed that, Sgt. Cole stated that he had yelled "Stop. Police" a minimum of at least two times before [Appellant] turned and fired a shot towards him from a car length away.

Trial Court Opinion, 2/3/17, at 4-7 (internal footnotes omitted).

- 3 -

At the conclusion of Appellant's trial, the jury found Appellant guilty of aggravated assault and assault of a law enforcement officer at trial court docket number CP-51-CR-0008846-2013.[3]  On December 8, 2015, the trial court sentenced Appellant to a term of ten to twenty years of incarceration on the conviction for assault of a law enforcement officer.  The trial court sentenced Appellant to a term of five to ten years of incarceration on the aggravated assault count to be served concurrently with the sentence for assault of a law enforcement officer.  Both the Commonwealth and Appellant filed post-sentence motions.

Following a hearing on January 8, 2016, the trial court granted the Commonwealth's post-sentence motion to reconsider Appellant's sentence and imposed the mandatory minimum sentence of twenty years with the statutory maximum sentence of forty years of incarceration on the assault of a law enforcement officer conviction.  The trial court did not disturb the concurrent five-to-ten-year sentence imposed on the aggravated assault

_____

[3] Appellant was tried on charges filed at trial court docket numbers CP-51-CR-0008842-2013, CP-51-CR-0008843-2013, CP-51-CR-0008845-2013, and CP-51-CR-0008846-2013.  The jury found Appellant not guilty of all charges at CP-51-CR-0008842-2013 and CP-51-CR-0008843-2013.  The jury found Appellant guilty of three Violations of the Uniform Firearms Act ("VUFA"), 18 Pa.C.S. §§ 6101-6127, and not guilty of aggravated assault and assault of a law enforcement officer at CP-51-CR-0008845-2013, involving police officer Matthew White.  However, while these matters were tried jointly, Appellant only appealed at trial court docket number CP-51-CR-0008846-2013 on the convictions of aggravated assault and assault of a law enforcement officer involving Sergeant Dominick Cole.

conviction. The trial court denied Appellant's post-sentence motions, and Appellant filed a timely appeal.[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for this Court's consideration:

I.   Was the evidence insufficient to sustain guilty verdicts on the charges of aggravated assault and assault of law enforcement officer related to complainant Sergeant Dominick Cole?

II.  Did the court err by interpreting the assault on law enforcement officer statute as requiring the mandatory minimum sentence of not less than 20 years to not more than 40 years?

III. Were the verdicts on the charges of aggravated assault and assault of law enforcement officer related to complainant Sergeant Dominick Cole against the weight of the evidence?

---

[4] Appellant was not required to file an additional post-sentence motion after the trial court modified the judgment of sentence on January 8, 2016, because the weight of the evidence and the propriety of the mandatory minimum were the issues argued by the parties before the trial court at the post-sentence motions hearing. The Miscellaneous section under the Comment to Pa.R.Crim.P. 720 provides, in relevant part, as follows:

> Once a sentence has been modified or reimposed pursuant to a motion to modify sentence under paragraph (B)(1)(a)(v) or Rule 721, a party wishing to challenge the decision on the motion does not have to file an additional motion to modify sentence in order to preserve an issue for appeal, as long as the issue was properly preserved at the time sentence was modified or reimposed.

Pa.R.Crim.P. 702, cmt.

Appellant's Brief at 5 (full capitalization omitted).

In his first issue on appeal, Appellant challenges the sufficiency of the evidence underlying his convictions. Our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hutchinson*, 947 A.2d 800, 805-806 (Pa. Super. 2008) (internal citations and quotation marks omitted).

Appellant was convicted of assault of a law enforcement officer and aggravated assault. Those crimes are defined, in relevant part, as follows:

**Assault of law enforcement officer**

**(a) Assault of a law enforcement officer in the first degree.--**A person commits a felony of the first degree who attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm.

**(b) Penalties.--**Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person convicted under subsection (a) shall be sentenced to a term of imprisonment fixed by the court at not more than 40 years.

18 Pa.C.S. § 2702.1(a)-(b).

**Aggravated Assault**

**(a) Offense defined.--**A person is guilty of aggravated assault if he:

> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

> (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty[.]

18 Pa.C.S. § 2702(a)(1)-(2).

Appellant avers that the Commonwealth failed to prove the "attempt" element of assault of a law enforcement officer and aggravated assault. Appellant's Brief at 12. Specifically, Appellant claims that the Commonwealth did not prove attempt because there was no evidence that Appellant "intended" to injure Sergeant Cole. *Id.* This argument is specious.

The attempt element from Section 2702.1 "requires a showing of some act, albeit not one actually causing bodily injury, accompanied by an intent

to inflict bodily injury upon a law enforcement officer by discharging a firearm." ***Commonwealth v. Landis***, 48 A.3d 432, 446 (Pa. Super. 2012) (citing 18 Pa.C.S. §§ 901(a) and 2702.1(a)). Similarly, "[f]or aggravated assault purposes, an 'attempt' is found where an 'accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another.'" ***Commonwealth v. Fortune***, 68 A.3d 980, 984 (Pa. Super. 2013) (citation omitted). "An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances." ***Id.*** (citation omitted). "Serious bodily injury has been defined as bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." ***Id.*** (internal citations and quotation marks omitted).

The trial court concluded that Sergeant Cole's testimony provided sufficient evidence to support Appellant's convictions:

> [Sergeant Cole's] testimony clearly supports the fact that [Appellant] knew that he was shooting at a police officer in the performance of his duties. Sgt. Cole stated that he identified himself as an officer when he commanded [Appellant] to stop several times. After making such pronouncement, [Appellant], instead of stopping as commanded, turned and pointed the gun in the direction of the officer, discharged the same and required Sgt. Cole to take cover. These uncontroverted facts satisfy the elements with sufficient evidence to support the convictions. See ***Commonwealth v. Thompson***, 739 A.2d 1023, 1028-1029 (Pa. 1999) (evidence sufficient to establish aggravated assault where defendant fired shots at victim even though they did not hit the victim). [Appellant's] claim is without merit.

- 8 -

The evidence supported the reasonable inference that [Appellant] while fleeing from the scene of the crime intentionally discharged the weapon in the direction of one of the officers in pursuit. Sgt. Cole was about a car length from the [Appellant] when he was fired at. Fortunately, the bullet missed him, however, it does not negate [Appellant's] attempted actions. The fact that [Appellant] was running and the manner in which he fired the same is irrelevant, as he intentionally pointed the weapon towards the pursuing officer from a short distance away. The fact that they were separated by a row of cars due to their respective positions is irrelevant, as Sgt. Cole stated he took cover **after** the shot was fired. Hence, he could have been struck by the bullet.

The jury could reasonably conclude that from these actions, [Appellant] acted with a reckless disregard of consequences of his actions and that he consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury; at the very least, if the bullet had, in fact, hit Sgt. Cole. Such conduct could reasonably anticipate death or that serious bodily injury would likely and logically result. See **Commonwealth v. McClendon**, 874 A.2d 1223, 1229 (Pa.Super.2005).

Additionally, the evidence supported the reasonable inference that [Appellant] intended that the discharging of his gun in the direction of the officers would result in the charging officers to ending their pursuit or buy him additional time to flee as they took cover. In either of these scenarios, the officers, and in particular Sgt. Cole, could have suffered bodily injury, and a subsequent fact-finder could conclude this was [Appellant's] intent in discharging the firearm. See **Commonwealth v. Holley**, 945 A.2d 241, 247 (Pa.Super.2008) (holding that, in determining whether the Commonwealth proved intent to cause bodily injury, a fact-finder is free to conclude the accused intended the natural and probable consequences of his actions to result therefrom); **Commonwealth v. Rosado**, 454 Pa.Super. 17, 684 A.2d 605, 608 (1996) ("The fact that the accused misapprehended the circumstances, thereby making it impossible for him to commit the crime undertaken, is not a defense to an attempt crime."). Simply put, "a gun is a lethal weapon; pointing it towards a person, and then discharging it, speaks volumes as to one's intention." **Commonwealth v. Hall**, 574 Pa. 233, 830 A.2d 537 (2003). This is particularly true

- 9 -

where a suspect discharges his firearm in an attempt to elude arrest. See **Hall**, supra. Thus, based on the evidence presented at trial, the Commonwealth demonstrated sufficient evidence that [Appellant] discharged his weapon in an attempt to inflict bodily injury upon known law enforcement officers in performance of their duties.

Trial Court Opinion, 2/3/17, at 8-9 (emphasis in original).

We discern no error in the trial court's conclusion. Sergeant Cole testified that he identified himself as a police officer and directed Appellant to stop. N.T., 6/16/15, at 63. Thus, it was reasonable for the jury to conclude that Appellant was aware that Sergeant Cole was a law enforcement officer. The testimony also revealed that Appellant fired his weapon causing Sergeant Cole to take cover during the pursuit. **Id.** The fact that Appellant was shooting while Sergeant Cole was pursuing him, and the fact that Sergeant Cole had to take cover during the shooting, allowed the jury to conclude that Appellant was shooting at him. Pursuant to our standard of review, these facts established that Appellant took a substantial step in creating a substantial risk of death or serious bodily injury, thereby establishing the elements of Sections 2702 and 2702.1. **Landis**, 48 A.3d at 446; **Fortune**, 68 A.3d at 984. Accordingly, we conclude that the evidence was sufficient to establish Appellant's guilt of assault of a law enforcement officer and aggravated assault.

Appellant next argues that the trial court erred in its interpretation of the crime of assault of a law enforcement officer and the concomitant

penalty statute as requiring a mandatory minimum sentence of not less than twenty years.[5]  Appellant's Brief at 24.  We disagree.

It is well settled that penal statutes are to be strictly construed.  1 Pa.C.S. § 1928(b)(1). Where ambiguity exists in the language of a penal statute, that ambiguity should be resolved in favor of lenity, *i.e.*, the language should be interpreted in the light most favorable to the accused.  ***Commonwealth v. Booth***, 766 A.2d 843, 846 (Pa. 2001) (internal citations omitted).   The interpretation of a statute implicates a question of law, therefore, our scope of review is plenary, and our standard of review is *de novo*.  ***Commonwealth v. Andrews***, 173 A.3d 1219 (Pa. Super. 2017) (citation omitted).

The statutes at issue provide, in relevant part, as follows:

**Assault of law enforcement officer**

**(a) Assault of a law enforcement officer in the first degree.--**A person commits a felony of the first degree who attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm.

_____

[5] This issue presents a challenge to the legality of Appellant's sentence.  ***See Commonwealth v. Hopkins***, 67 A.3d 817, 821 (Pa. Super. 2013) (stating that a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of the sentence imposed).

**(b) Penalties.--**Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person convicted under subsection (a) shall be sentenced to a term of imprisonment fixed by the court at not more than 40 years.

18 Pa.C.S. § 2702.1(a) and (b).

**Sentences for offenses committed against law enforcement officer**

**(a) Mandatory sentence.--**A person convicted of the following offense shall be sentenced to a mandatory term of imprisonment as follows:

18 Pa.C.S. § 2702.1(a) (relating to assault of law enforcement officer)--not less than 20 years.

42 Pa.C.S. § 9719.1(a).

Appellant avers that the trial court erred because the statutes at issue do not include the word "minimum," and therefore, the sentence required by the statutes is ambiguous as the "not less than" language from 42 Pa.C.S. § 9719.1 could be read to constitute a maximum sentence. Appellant's Brief at 25-26. We discern no ambiguity. In **Commonwealth v. O'Brien**, 514 A.2d 618 (Pa. Super. 1986), our Court disposed of this argument and concluded that the words "not less than" "unambiguously connote a minimum term of imprisonment." **O'Brien**, 514 A.2d at 620. "It strains all notions of common sense to suggest that 'not less than' can reasonably be interpreted as meaning 'maximum.'" **Id.**

We point out that **O'Brien** addressed mandatory minimum sentences under 42 Pa.C.S. § 9718, and Section 9718 was subsequently held to be unconstitutional. **See Alleyne v. United States**, 570 U.S. 99 (2013) (a

fact that increases a mandatory minimum sentence for crime is an element of crime that must be submitted to a jury and proven beyond a reasonable doubt). However, 42 Pa.C.S. § 9719.1 does not suffer the same constitutional infirmity. *See Commonwealth v. Reid*, 117 A.3d 777, 785 (Pa. Super. 2015) ("Section 9719.1 does not require proof of any additional elements beyond those already required to convict a defendant of assault of a law enforcement officer in the first degree under 18 Pa.C.S. § 2702.1(a)."). We conclude that this Court's analysis of the "not less than" language from Section 9718 in *O'Brien* is apt, and it is properly applied to the "not less than" language of Section 9719.1. Thus, Section 9719.1 mandates a twenty-year mandatory minimum sentence for a conviction of assault of a law enforcement officer.

Accordingly, we discern no error of law in the trial court's interpretation of the aforementioned statutes. The minimum sentence permitted was twenty years and the maximum sentence was capped at forty years. Thus, Appellant's sentence of twenty to forty years was both mandated and proper.

Finally, Appellant alleges that the verdicts for assault of a law enforcement officer and aggravated assault were against the weight of the evidence. Appellant's Brief at 36. After review, we conclude that Appellant is entitled to no relief.

In **Commonwealth v. Clay**, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Widmer**, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); **Commonwealth v. Brown**, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Widmer**, 560 A.2d at 319-[3]20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" **Id**. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 538 Pa. at 435, 648 A.2d at 1189.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. **Brown**, 648 A.2d at 1189.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of

- 14 -

the evidence and that a new trial should be granted in the interest of justice.

*Widmer*, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Widmer*, 560 A.2d at 322, 744 A.2d at 753 (quoting *Coker v. S.M. Flickinger Co.*, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

*Clay*, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-880 (Pa. 2008).

The threshold question for this Court is whether Appellant's weight issue has been preserved. Pennsylvania Rule of Criminal Procedure 607 governs challenges to the weight of the evidence and provides, in relevant part, as follows:

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

> (1) Orally, on the record, at any time before sentencing;

> (2) By written motion at any time before sentencing; or

> (3) In a post-sentence motion.

Pa.R.Crim.P. 607(A).

In his brief on appeal, Appellant purports to challenge the weight of the evidence underlying his convictions for both aggravated assault and assault of a law enforcement officer. In his post-sentence motion, however, Appellant presented only a boilerplate challenge to the weight of the evidence:

> 5. [Appellant] alleges that the verdict was against the weight of the evidence to such a degree as to shock one's conscience and sense of justice. [Appellant] reserves the right to amend and supplement this answer upon receipt of the notes of testimony from the trial.

Post-Sentence Motion, 12/10/15, at ¶5.

It has long been the law in Pennsylvania that a boilerplate post-sentence motion merely stating that the verdict was against the weight of the evidence preserves no issue for appellate review unless the motion specifies in what way the verdict was against the weight of the evidence. *Commonwealth v. Holmes*, 461 A.2d 1268, 1270 (Pa. Super. 1983). However, the record reflects that at the hearing on Appellant's post-

sentence motion, the trial court, faced with Appellant's boilerplate motion, sought to clarify Appellant's claim. N.T., 1/8/16, at 4. Counsel informed the trial court that Appellant was challenging only the weight of the evidence with respect to the conviction for assault of a law enforcement officer. *Id.* Thus, the only weight-of-the-evidence challenge before the trial court was with respect to assault of a law enforcement officer; Appellant abandoned his challenge to the weight of the evidence with respect to his conviction for aggravated assault because he did not present it to the trial court, and the trial court did not address it. Accordingly, we deem Appellant's weight-of-the-evidence challenge to his aggravated assault conviction waived on appeal and will address only his challenge to the weight of the evidence as it relates to the assault of a law enforcement officer conviction.

As discussed above, the evidence against Appellant amply established his guilt of assault of a law enforcement officer. Moreover, as the finder of fact, the jury was free to credit the testimony as it saw fit, and it was free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses. *Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. Super. 2004). Despite acquitting Appellant of other charges, the jury weighed the evidence and returned a verdict of guilty on the charge of assault of a law enforcement officer. Verdict Sheet, 6/18/15. In ruling on Appellant's post-sentence motion, the trial court concluded that there was nothing shocking about the verdict, and it denied Appellant's post-sentence motion. N.T.,

1/8/16, at 4-5; Order, 1/8/16. After review, we discern no abuse of discretion in the trial court's denial of Appellant's post-sentence motion.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/18