J-S14035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :           PENNSYLVANIA
                            :
            v.                 :
                            :
                            :
WILLIAM NOBBLEN             :
                            :
          Appellant         :   No. 3621 EDA 2017

Appeal from the Judgment of Sentence October 27, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008332-2015

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI\*, J.

MEMORANDUM BY PELLEGRINI, J.:             **FILED APRIL 30, 2019**

William Nobblen (Nobblen) appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas (trial court) following his conviction of Assault of a Law Enforcement Officer, two counts of Aggravated Assault, Firearms not to be Carried Without a License, Firearms Not to be Carried on the Streets of Philadelphia, Possession of an Instrument of a Crime (PIC), and Persons not to Possess a Firearm.[1] We affirm.

We take the following pertinent facts and procedural history from the trial court's July 20, 2018 opinion and our independent review of the certified record. On April 23, 2015, at approximately 10:00 p.m., Police Officer Daniel Kostick and his partner, Officer Thomas Howe, were on routine bicycle patrol

---

[1] 18 Pa.C.S. §§ 2702.1(a), 2702, 6106, 6108, 907(a), and 6105, respectively.

---

\*   Retired Senior Judge assigned to the Superior Court.

in West Philadelphia. They observed a minivan parked along the side of the street with its engine running in front of a beer distributor occupied by Nobblen, who was sitting in the driver's seat smoking marijuana. When Nobblen noticed the officers, he placed his vehicle in drive, started accelerating towards them, then put the van in reverse, made an illegal U-turn and drove away at a high rate of speed. The officers sent out a description of the van over police radio and split up to pursue it individually to cover more ground.

Officer Kostick came into contact with Nobblen, who was then on foot, and immediately recognized him as the driver of the minivan. After Officer Kostick asked Nobblen where he was coming from and what he was doing, Nobblen turned to face the officer and said "[I] didn't want to have to do this[,]" as he pulled a semiautomatic firearm out of his waistband. (N.T. Trial, 3/31/17, at 52; *see id.* at 51). He shot Officer Kostick in the shoulder and the officer fired his firearm in return. Officer Kostick fled and radioed for assistance. Police located Nobblen hiding behind a wall smoking marijuana and bleeding from two gunshot wounds to his right arm.

At a jury trial in March 2017, Nobblen was convicted of the above-mentioned offenses. The trial court sentenced Nobblen to an aggregate term of not less than thirty-five nor more than seventy years of incarceration. After the trial court's denial of Nobblen's post-sentence motion, this timely appeal followed.

Nobblen raises four issues for our review in which he challenges the sufficiency of the evidence, the trial court's refusal to give a requested jury instruction, the court's decision regarding his claim of prosecutorial misconduct, and the court's sentence. (**See** Nobblen's Brief, at 4).

### A.

We begin by addressing his sufficiency claim.[2]  Nobblen contends that the evidence was insufficient to support his convictions of assault of a law enforcement officer, aggravated assault and PIC because he claims he was acting in self-defense on the night of the shooting.  In support of that claim, Nobblen points to the position of Officer Kostick's bike on the sidewalk at the shooting and the position and presence of blood on fired cartridge casings as evidence establishing his self-defense claim.  (**See id.** at 17).

"The use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person."  **Commonwealth v.**

---

[2] "Whether the evidence was sufficient to support the conviction presents a matter of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Smyser**, 195 A.3d 912, 915 (Pa. Super. 2018) (citation omitted).  "In conducting our inquiry, we examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt." **Id.** (citation omitted).  "The Commonwealth may sustain its burden by means of wholly circumstantial evidence." **Id.** (citation omitted).

***Ward***, 188 A.3d 1301, 1304 (Pa. Super. 2018), *appeal denied*, 199 A.3d 341 (Pa. 2018) (citation omitted). "When a defendant raises a claim of self-defense by identifying evidence that supports the claim, the Commonwealth has the burden of disproving self-defense beyond a reasonable doubt." ***Id.*** (citation omitted). "Although the defendant has no burden to prove self-defense, . . . before the defense is properly in issue, there must be some evidence, from whatever source, to justify such a finding." ***Commonwealth v. Williams***, 176 A.3d 298, 309 (Pa. Super. 2017), *appeal denied*, 187 A.3d 908 (Pa. 2018) (citation omitted).

Here, the trial court determined that "[Nobblen] failed to introduce any evidence of self-defense and thus the justification of self-defense was never properly at issue before this court." (Trial Ct. Op., at 6). In his appellate brief, Nobblen baldly claims that Officer Kostick's bike position and the casings establish self-defense, but he discusses no testimony in the record supporting this theory or his allegation that Officer Kostick fired his weapon first. (***See*** Nobblen's Brief, at 16-24). Although Nobblen refers to defense counsel's opening statement and closing argument, it is well-settled that an attorney's argument is not evidence. ***See Commonwealth v. Page***, 965 A.2d 1212, 1223 (Pa. Super. 2009), *appeal denied*, 74 A.3d 125 (Pa. 2013). In any event, the record reflects that Nobblen was the initial aggressor during both the initial encounter with Officers Kostick and Howe where he accelerated his vehicle towards them while they were on bicycles; and during the later incident with

Officer Kostick when he drew and fired his weapon after the officer asked him a few general questions. (**See** N.T. Trial, 3/30/17, at 85, 89; **see also** N.T. Trial, 3/31/17, at 48, 52-53). After review, we conclude that Nobblen's sufficiency of the evidence claim lacks merit.

**B.**

Nobblen next argues that the trial court erred in denying his request that it instruct the jury on the issue of self-defense where the evidence warranted such instruction. (**See** Nobblen's Brief, at 25-27).[3]

"There is no requirement for the trial judge to instruct the jury pursuant to every request made to the court." **Phillips**, **supra** at 110 (citation omitted). "Instructions regarding matters which are not before the court or which are not supported by the evidence serve no purpose other than to confuse the jury." **Id.** (citation omitted).

Instantly, as discussed above, the defense theory of self-defense lacked evidentiary support. We, therefore, discern no abuse of discretion or error of law in the trial court's decision not to instruct the jury regarding self-defense.

---

[3] "In deciding whether a trial court erred in refusing to give a jury instruction, we must determine whether the court abused its discretion or committed an error of law." **Commonwealth v. Phillips**, 946 A.2d 103, 110 (Pa. Super. 2008), *appeal denied*, 964 A.2d 895 (Pa. 2009), *cert. denied*, 556 U.S. 1264 (2009) (citation omitted).

**C**.

Nobblen next contends that the prosecutor's extensive misconduct during closing argument deprived him of a fair trial. (**See** Nobblen's Brief, at 28-34).[4] He argues chiefly that the prosecutor made prejudicial references to his decision to remain silent and not testify and to his right to confront his accusers. (**See id.**).[5]

"[I]t is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered." **See Jones**, **supra** at 835 (citation omitted). "Our review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial." **Id.** (citation omitted). "Thus, it is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a

_____

[4] "In reviewing a claim of improper prosecutorial comments, our standard of review is whether the trial court abused its discretion." **Commonwealth v. Jones**, 191 A.3d 830, 835 (Pa. Super. 2018) (citation omitted).

[5] For example, Nobblen asserts that the prosecutor's statement, "Who is behaving like a victim and who is behaving like a defendant?" when describing the actions of Officer Kostick and Nobblen on the night of the shooting was a comment on Nobblen's silence at trial. (N.T. Trial, 4/06/17, at 42-44; **see also** Nobblen's Brief, at 29).

true verdict." *Id.* (citation omitted). Counsel is accorded reasonable latitude and may employ oratorical flair in arguing his or her version of the case to the jury. *See id.*

Here, the trial court concluded that the challenged statements "served merely as a summary of the facts in the case and [were] presented with permissible 'oratorical flair[,]'" and that none of the comments rose to such a level so as to require the grant of a new trial. (Trial Ct. Op., at 18; *see id.* at 20). After reviewing the entirety of the prosecution's closing argument and considering the context in which the individual-challenged remarks were made, we cannot conclude that the "unavoidable effect of such comments would be to prejudice the jury[.]" *Jones*, *supra* at 835 (citation omitted). We also note that we disagree with Nobblen's characterization of the challenged comments as improper references to his exercise of his constitutional rights. Therefore, his prosecutorial misconduct claim fails.

### D.

Lastly, Nobblen contends that the trial court misinterpreted 42 Pa.C.S. § 9719.1 to require imposition of a mandatory minimum sentence where the statute instead mandates a mandatory maximum sentence. (*See* Nobblen's Brief, at 35-45).[6]

---

[6] "A trial court's application of a statute is a question of law, and our standard of review is plenary. Moreover, our review is limited to determining whether the trial court committed an error of law." *Commonwealth v. Lewis*, 180 A.3d 786, 788 (Pa. Super. 2018) (citation omitted).

"The principal objective of interpreting a statute is to effectuate the intention of the legislature and give effect to all of the provisions of the statute." **Lewis**, **supra** at 788 (citation omitted). "In construing a statute to determine its meaning, courts must first determine whether the issue may be resolved by reference to the express language of the statute, which is to be read according to the plain meaning of the words." **Id.** (citation omitted). "When analyzing particular words or phrases, we must construe them according to rules of grammar and according to their common and approved usage." **Id.** (citation omitted).

Regarding sentences for offenses committed against law enforcement officers, the Sentencing Code provides:

> **(a) Mandatory sentence.**—A person convicted of the following offense shall be sentenced to a mandatory term of imprisonment as follows:
>
> 18 Pa.C.S. § 2702.1(a) (relating to assault of law enforcement officer)—**not less than** 20 years.

42 Pa.C.S. § 9719.1 (emphasis added).

This Court has determined that "[t]he words 'not less than' used in [a] statute unambiguously connote a minimum term of imprisonment. It strains all notions of common sense to suggest that 'not less than' can reasonably be interpreted as meaning 'maximum.'" **Commonwealth v. O'Brien**, 514 A.2d 618, 620 (1986), *appeal denied*, 527 A.2d 537 (Pa. 1987); **see also Commonwealth v. Madeira**, 982 A.2d 81, 84 (Pa. Super. 2009), *appeal denied*, 987 A.2d 160 (Pa. 2009), *cert. denied*, 560 U.S. 914 (2010)

(reaffirming definition of "not less than" set forth in **O'Brien** and stating that "the phrase . . . refers to the minimum sentence that the trial court may impose.").

Consistent with the foregoing, the trial court found that Section 9719.1 required imposition of a twenty-year minimum sentence. (**See** N.T. Sentencing, 7/24/17, at 13). We discern no error of law in this decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/19