J-S49010-17

2017 PA Super 349

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :        PENNSYLVANIA
                             :
          v.                 :
                             :
                             :
                             :
WALTER ANDREWS,              :
                             :
     Appellant.              :  No. 1524 WDA 2016

Appeal from the Judgment of Sentence September 9, 2016
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000627-2015

BEFORE:     DUBOW, J., SOLANO, J., and FITZGERALD J.[*]

OPINION BY DUBOW, J.:                    **FILED NOVEMBER 07, 2017**

Appellant, Walter Andrews, appeals from the September 9, 2016 Judgment of Sentence entered in the Court of Common Pleas of Venango County imposed after the trial court, sitting without a jury, found Appellant guilty of Failure to Comply with Registration Requirements.[1]  After careful review, we conclude that Appellant had until 12:00 midnight on the third business day to register his new address at an approved registration site. Appellant was arrested and booked into jail at 11:21 P.M. on the third business day, which tolled his registration requirements.  Therefore, we reverse Appellant's conviction and vacate Appellant's Judgment of Sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915.1(a)(1).

The factual and procedural history is not in dispute. Appellant is a Tier III sex offender subject to the registration requirements under Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. §§ 9799.10–9799.41. On Friday, November 6, 2015, at 7:19 P.M., while under parole supervision, Appellant left Guadenzia Residential Treatment Facility located in Philadelphia, Pennsylvania. On Sunday, November 8, 2015, he arrived at 38 Prospect Avenue, Franklin, Pennsylvania, the home of Appellant's husband, Thomas Andrews, who was also under parole supervision.

The Pennsylvania Board of Probation and Parole ("PBPP") declared Appellant delinquent from supervision, deemed him to be an absconder, and issued a warrant for his arrest. PBPP relayed this information to PBPP Agent Pascoe, who was supervising Appellant in Philadelphia, and PBPP Agent Clarke, who was supervising Appellant's husband in Franklin, Pennsylvania.

On November 12, 2015, Agent Clarke and his colleague PBPP Agent Harriger went to Mr. Andrews' home to check on Mr. Andrews and inquire about Appellant's whereabouts. Before knocking on the front door, Agent Clarke did a perimeter security sweep of the home and heard voices inside. Looking through the window, Agent Clarke observed two males standing inside the kitchen.

After calling for backup from local police, Agent Harriger knocked on the front door with Lieutenant Baker while Agent Clarke positioned himself

outside the rear of the home. Several minutes later, Mr. Andrews answered the door and allowed Agent Harriger, Lieutenant Baker, and Agent Clarke into the home. When asked if anyone else was present in the home, Mr. Andrews responded that no one else was there. After conducting a search of the home for approximately ninety minutes, the agents found Appellant hiding in an upstairs bedroom inside a cubbyhole located behind a dresser. Lieutenant Baker took Appellant to Venango County Jail, where Appellant was booked at 11:21 P.M.

On July 12, 2016, after a bench trial, the trial court found Appellant guilty of Failure to Comply with Registration Requirements, and on September 9, 2016, sentenced him to a term of 46 to 120 months' incarceration.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Whether the trial court erred in finding the Commonwealth had proven beyond a reasonable doubt that [] Appellant had failed to register a change in residence or termination of residence within three business days as required by 42 Pa.C.S. § 9799.15(g)?

Appellant's Brief at 4.

The offense of Failure to Comply with Registration Requirements requires that the Commonwealth prove, *inter alia*, that an individual knowingly failed to register with the Pennsylvania State Police as required under SORNA. **See** 18 Pa.C.S. § 4915.1(a)(1). Pursuant to 42 Pa.C.S. §

- 3 -

9799.15(g), a SORNA registrant must appear at an approved registration site within three "business days" after leaving or changing residence or lodging. The registration period is tolled if a registrant is incarcerated. 42 Pa.C.S. § 9799.15(c)(1)(i).

Appellant acknowledges that, pursuant to the statute, he had three business days to register his address with the state police after leaving Guadenzia on Friday, November 6, 2015. Appellant's Brief at 7. Appellant notes that November 7 and November 8, 2015, were weekend days, and Wednesday, November 11, 2015, was Veterans Day, a Pennsylvania state holiday. *Id.* Accordingly, he maintains that his arrest on Thursday, November 12, 2015, occurred on the third "business day." *Id.* Appellant contends that once he was arrested and booked into jail at 11:21 P.M., his reporting requirements were tolled by statute. *Id.* Appellant further argues that "the trial court erred when it found that the business day ended at 5:00 P.M. because the penal statute, which must be strictly construed, does not place a time limit on when a person may register during the business day and there are registration sites open at all times." *Id.*

Appellant's sole issue on appeal requires this Court to interpret a statute, which implicates a question of law. *Commonwealth v. Warren*, 84 A.3d 1092, 1095 (Pa. Super. 2014). Therefore, our scope of review is plenary, and our standard of review is *de novo*. *Id.*

When interpreting a statute, this Court must apply the Statutory Construction Act of 1972. **See** 1 Pa.C.S. §§ 1501-1991. The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature and give effect to all of the provisions of the statute. 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Generally, a statute's plain language provides the best indication of legislative intent. **Commonwealth v. Shiffler,** 879 A.2d 185, 189 (Pa. 2005). **See, e.g., Pennsylvania Fin. Responsibility Assigned Claims Plan v. English**, 664 A.2d 84, 87 (Pa. 1995) ("Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words."). In reading a statute's plain language, "words and phrases shall be construed according to rules of grammar and according to their common and approved usage, while any words or phrases that have acquired a peculiar and appropriate meaning must be construed according to that meaning." **Shiffler, supra** at 189 (citing 1 Pa.C.S. § 1903(a)) (internal quotation marks omitted).

However, when the words of the statute are not explicit, the intention of the legislature may be ascertained by considering, *inter alia*, the occasion and necessity for the statute; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; the legislative

history, and the legislative and administrative interpretations of such statute. 1 Pa.C.S. § 1921(c). Importantly, "while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S. § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant." **Shiffler**, **supra** at 189. Finally, when ascertaining the intention of the legislature, we presume that the legislature "does not intend a result that is absurd, impossible of execution or unreasonable" and "intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(1), (2).

42 Pa.C.S. § 9799.15(g), the statute at issue here, provides in relevant part:

> [A]n individual specified in section 9799.13 shall appear in person at an approved registration site within **three business days** to provide current information relating to:
>
> * * *
>
> (2) A commencement of residence, change in residence, termination of residence or failure to maintain a residence, thus making the individual a transient.
>
> * * *
>
> (7) A commencement of temporary lodging, a change in temporary lodging or a termination of temporary lodging. In order to fulfill the requirements of this paragraph, the individual must provide the specific length of time and the dates during which the individual will be temporarily lodged.

42 Pa.C.S. § 9799.15(g) (emphasis added). Appellant is challenging the trial court's interpretation and application of the term "business days."

The term "business days" is not defined in SORNA and there is a dearth of case law specifically defining the term. Instantly, both parties concede that the term "business days" excludes weekend days and Pennsylvania state holidays. Our examination of the Legislature's intent supports this conclusion. The Legislature used the term "business days," rather than just "days," indicating an intent to distinguish certain "business days" from other days of the week. Likewise, we recognize that the "common and approved usage" of the term "business days" excludes weekend days and Pennsylvania state holidays. **See** 1 Pa.C.S. § 1903. **See, e.g. Commonwealth v. Britton**, 134 A.3d 83 (Pa. Super. 2016) (affirming the appellant's conviction of Failure to Comply with Registration Requirements where the trial court had taken judicial notice that Appellant absconded from a halfway house on a Sunday and was arrested on a Friday, distinguishing weekend days from weekdays for purposes of determining three business days). Accordingly, we agree with the parties' interpretation of the term "business days" to exclude weekend days and Pennsylvania state holidays.

The question then becomes: for purposes of SORNA registration, what time does a "business day" end? To answer this question, we must consider information relevant to the registration sites themselves. Pursuant to SORNA, the Pennsylvania State Police must "publish a list of approved registration sites in the Pennsylvania Bulletin and provide a list of approved registration sites in any notice sent to individuals required to register under

this subchapter." 42 Pa.C.S. § 9799.32(2). *See* 45 Pa.B. 2690 (published May 30, 2015) (listing most recent approved registration sites). The list contains over 140 approved registration sites, including the name, address, and telephone number of each site. *See* 45 Pa.B. 2690 Only a few registration sites list their operating hours, and the closing times vary. *See id.* The Pennsylvania Bulletin provides that, "[p]rior to going to a site, it is recommended that individuals call the site to ensure that it is currently open to the public or that a registering official is there to process the individuals, or both." *Id.* Significantly, Agent Clarke testified at Appellant's trial that the Pennsylvania State Police Station, located twenty minutes from the home where Appellant was arrested, is an approved registration site that is open twenty-four hours a day, seven days a week. N.T. Trial, 7/12/16, at 42-43.

In light of the fact that: (1) the statute requires an individual to appear in person to register; (2) there are over 140 approved registration sites; (3) the registration sites are all open different hours; and (4) some registration sites are open twenty-four hours a day, we conclude that it was the intent of the legislature to allow an individual to register at any time before 12:00 midnight on the third business day after changing residences. To conclude differently would be unfair to a registrant who refers to the published list, contacts his local police barracks as instructed, learns that the police barracks is open twenty-four hours a day, and relies on that information to determine when he can register.

We, thus, hold that the term "business days" in 42 Pa.C.S. § 9799.15(g) should be construed as excluding Saturday, Sunday, and Pennsylvania state holidays and as providing that the window on the third day of registration closes at 12:00 midnight. Accordingly, we agree with Appellant that the trial court erred when it convicted him of Failure to Comply with Registration Requirements because Appellant was booked into jail at 11:21 P.M., prior to 12:00 midnight on the third business day. *See* 42 Pa.C.S. § 9799.15(c)(1)(i).

Conviction reversed. Judgment of Sentence vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017