J-S05020-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN M. DIBBLE | : | No. 984 WDA 2018 |

Appeal from the Order Entered June 6, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-SA-0000017-2018

BEFORE: PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.*

MEMORANDUM BY NICHOLS, J.:                           FILED MARCH 01, 2019

The Commonwealth appeals from the order dismissing a citation charging Appellee Jonathan M. Dibble with a summary vehicle offense.[1] The Commonwealth asserts it timely filed the citation pursuant to 42 Pa.C.S. § 5553(c)(3), which provides an exception to the general rule governing the commencement of proceedings for summary vehicle offenses. We reverse the order and remand for further proceedings.

The trial court summarized the relevant facts of this case as follows:

> The uncontested evidence is that Erika Valencic, concerned about the safety of her child, hired Dennis Lagan in 2015 to inter alia document [Appellee] driving while his operator's license was

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth certified that the order terminated or substantially handicapped the prosecution of this matter at the time it filed its notice of appeal from this interlocutory order. See Notice of Appeal, 7/6/18; Pa.R.A.P. 311(d).

suspended for a [driving under the influence of alcohol (DUI)] conviction. Lagan videotaped [Appellee] driving a vehicle along North Main Street in Saegertown on October 13, 2017. Sometime in December, [Pennsylvania State Police Corporal Dale] Gillette "ran into" Lagan, who informed him that he was investigating someone he believed was driving on a suspended license . . . and asked whether this was something that [Corporal Gillette] would investigate. [Corporal] Gillette agreed to look into the matter as soon as Lagan got him the information.

On December 19, 2017, Mr. Lagan sent him [Appellee's] name and two possible birth dates, and on December 27, 2017, [Corporal] Gillette started his research. He obtained a Certified Driver History for [Appellee], confirming the DUI suspension, and notified Lagan, who offered to provide him with video evidence of a violation. [Corporal] Gillette received the videotape . . . on January 9, 2018, viewed it, and then, unable to locate [Appellee], filed the citation [for driving while operating privilege is suspended or revoked   DUI related[2]] on January 12, 2018.

Trial Ct. Op., 8/9/18, at 3-4 (record citations and footnote omitted).

On March 2, 2018, a Magisterial District Judge found Appellee guilty of driving with a suspended license and sentenced him to sixty days' imprisonment plus fines and costs. Appellee timely filed a pro se notice of appeal to the Court of Common Pleas on March 28, 2018.[3] The trial court

_____

[2] 75 Pa.C.S. § 1543(b)(1).

[3] Significantly, Corporal Gillette actually filed four citations against Appellee on January 12, 2018. N.T. Trial, 6/6/18, at 18. On March 2, 2018, the Magisterial District Judge also found Appellee guilty of operation following suspension of registration (75 Pa.C.S. § 1371) and operation of a vehicle without an official certificate of inspection (75 Pa.C.S. § 4703). Id. at 3-4. Although Appellee intended to appeal from each of his summary convictions, his lone notice of appeal only listed the citation number for the offense of driving with a suspended license. Id. Because the notice of appeal did not list any additional citation numbers, the trial court concluded it did not have jurisdiction to consider arguments related to Appellee's other summary convictions. Id. at 5-7.

conducted a de novo trial on June 6, 2018, which included testimony from Lagan and Corporal Gillette. That same day, the court found in favor of Appellee:

> [W]ithout addressing the merits of the case, the [c]ourt finds that the provisions of [Section] 5553(a) preclude prosecution of [Appellee] because the commencement of the proceedings was not within 30 days of the commission of the offense nor was it within 30 days after the discovery of the offense by the individual reporting the offense to the Pennsylvania State Police. The offense is alleged to have occurred on October 13, 2017. The police were not notified effectively until December 19, 2017. The citation was filed within 30 days of the December 19, 2017 reporting date, i.e., January 12, 2018, but was not filed within 30 days of the date of the offense and discovery of the evidence of the offense by the reporting citizen.

Order, 6/6/18.

The Commonwealth timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The court filed a responsive opinion, concluding the Commonwealth was not entitled to relief.

On appeal, the Commonwealth raises the following question for our review: "Did the court err when it precluded prosecution of Appellee for a violation of driving while operating privilege is suspended or revoked DUI related . . . due to a failure to timely file the citation [under] 42 Pa.C.S. § 5553(a)?" Commonwealth's Brief at 7 (full capitalization omitted).[4]

_____

[4] Appellee did not file a brief.

- 3 -

The Commonwealth acknowledges the general rule set forth in Section 5553(a), providing that proceedings for summary vehicle offenses must commence within thirty days after the discovery of the commission of the offense or the identity of the offender, whichever is later. Id. at 13. The Commonwealth emphasizes that Section 5553(c)(3) provides an exception to the general rule for cases where law enforcement suspects an offender has committed the offense of driving with a suspended license as one of multiple summary offenses arising from the same criminal episode. Id. In such cases, the Commonwealth contends that proceedings can commence within thirty days after law enforcement receives verification of the basis for the offender's license suspension. Id. at 14.

The Commonwealth notes that the trial court found Section 5553(c)(3) inapplicable, because Corporal Gillette "at the time he received [Appellee's certified driver history], had no evidence of [Appellee] driving other than Lagan's hearsay report." Id. at 14 (quoting Trial Ct. Op. at 5 n.8). The Commonwealth insists, however, that law enforcement can issue a citation based solely on information received from a witness. Id. at 14-15. Based upon the foregoing, the Commonwealth argues that law enforcement timely filed the citation charging Appellee with driving with a suspended license where Corporal Gillette 1) received Appellee's certified driver history sometime between December 27, 2017 and January 9, 2018; and 2) the citation was one of multiple summary offenses arising from the same criminal episode. Id. at 18.

The Commonwealth's appellate issue "requires this Court to interpret a statute, which implicates a question of law." Commonwealth v. Andrews, 173 A.3d 1219, 1221 (Pa. Super. 2017) (citation omitted).

> Therefore, our scope of review is plenary, and our standard of review is de novo.
>
> When interpreting a statute, this Court must apply the Statutory Construction Act of 1972. The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature and give effect to all of the provisions of the statute. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Generally, a statute's plain language provides the best indication of legislative intent. In reading a statute's plain language, words and phrases shall be construed according to rules of grammar and according to their common and approved usage, while any words or phrases that have acquired a peculiar and appropriate meaning must be construed according to that meaning.

Id. (citations and quotation marks omitted).

Section 5553 governs the commencement of summary vehicle offenses as follows:

> § 5553. Summary offenses involving vehicles
>
> (a) General rule. Except as provided in subsection (b) or (c), proceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter.
>
> \*　\*　\*
>
> (c) Exceptions.
>
> \*　\*　\*

> (3) Where a police officer reasonably believes that there are multiple summary offenses arising out of the same conduct or the same criminal episode and that an offense under 75 Pa.C.S. § 1543 (relating to driving while operating privilege is suspended or revoked) has occurred, proceedings on all summary offenses arising from the conduct or episode may be commenced at the same time and must be commenced within 30 days after the commission of the alleged offenses or within 30 days after the discovery of the commission of the offenses or the identity of the offender or within 30 days after the police officer receives verification of the basis for the suspension from the Department of Transportation as required under 75 Pa.C.S. § 1543(d), whichever is later, and not thereafter.

42 Pa.C.S. § 5553(a), (c)(3) (emphases added).

The statute defining the offense of driving with a suspended license also mandates that law enforcement verify the basis for the suspension:

> § 1543. Driving while operating privilege is suspended or revoked
>
> *   *   *
>
> (d) Citation of appropriate subsection. Prior to filing a citation for a violation of this section with the issuing authority named in the citation, the police officer shall verify the basis for the suspension with the department. Upon receiving the verification, the officer shall cite the appropriate subsection of this section on the citation.

75 Pa.C.S. § 1543(d). "[T]he verification required under this subsection is the receipt of a certified driving record from PennDot." Commonwealth v. Heckman, 590 A.2d 1261, 1264 (Pa. Super. 1991).

Moreover, "[t]he filing of a citation . . . concerns a process that is among those set out in the Pennsylvania Rules of Criminal Procedure for commencing

- 6 -

a summary action." Commonwealth v. Lockridge, 810 A.2d 1191, 1194 (Pa. 2002). "A law enforcement officer may issue a citation based upon information that the defendant has committed a summary violation, which information may be received from . . . a witness . . . ." Pa.R.Crim.P. 405 cmt.; see also Lockridge, 810 A.2d at 1196 (holding that a deputy sheriff had the authority to issue a citation to the defendant for driving with a suspended license even though the sheriff did not personally observe the defendant; rather, the sheriff issued the citation based on information he received from a witness).

Instantly, Lagan sent Appellee's name and possible birth dates to Corporal Gillette on December 19, 2017. At some point thereafter, Corporal Gillette obtained Appellee's certified driver history from PennDOT and confirmed that Appellee's license was suspended for one year, effective April 18, 2017, due to a prior DUI.[5] See Commonwealth's Ex. 2 at 2 (unpaginated). Corporal Gillette's subsequent investigation led him to conclude that Appellee had committed multiple Motor Vehicle Code violations, including driving with a suspended license. See N.T. at 3-4, 18. Therefore, Corporal Gillette filed the citations against Appellee on January 12, 2018, and the Magisterial District Judge found Appellee guilty of three separate offenses on March 2, 2018.

_____

[5] Corporal Gillette did not provide the exact date when he received the certified driver history from PennDOT. See N.T. at 16-21. Additionally, the certified driver history that the Commonwealth entered into evidence at trial was dated June 1, 2018. See Commonwealth's Ex. 2 at 1 (unpaginated). Therefore, the Commonwealth's trial exhibit was not the same certified driver history utilized by Corporal Gillette during his investigation.

The plain language of Section 5553(c)(3) dictates that Corporal Gillette could timely file the citations for all of the summary vehicle offenses within thirty days of receiving the verification of the basis for Appellee's license suspension. See 42 Pa.C.S. § 5553(c)(3); Andrews, 173 A.3d at 1221. Assuming Corporal Gillette received the certified driver history on December 19, 2017, immediately after obtaining Appellee's identifying information from Lagan, he timely filed the citation for driving with a suspended license on January 12, 2018.[6] See 42 Pa.C.S. § 5553(c)(3). Accordingly, we reverse the order dismissing the citation charging Appellee with driving with a suspended license and remand for further proceedings. See Andrews, 173 A.3d at 1221.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2019

_____

[6] Regarding the trial court's determination that Section 5553(c)(3) was inapplicable, we agree with the Commonwealth that the information Lagan provided to Corporal Gillette provided an adequate basis for the filing of the citations. See Lockridge, supra; Pa.R.Crim.P. 405 cmt.

- 8 -