J-A09019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  : PENNSYLVANIA
                                                  :
                    v.                            :
                                                  :
                                                  :
                                                  :
RYAN SCHOLL                                       :
                                                  :
                    Appellant                     : No. 1004 WDA 2024

Appeal from the Order Entered May 13, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003991-2022

BEFORE: KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: June 24, 2025**

Appellant Ryan Scholl appeals from the order denying his motion to modify a condition of his probation. Appellant argues that the probation condition which restricts him from having contact with his children except for supervised visitation is an illegal sentence. Appellant also argues that the trial court abused its discretion by denying his motion to modify that probation condition. We affirm.

The trial court (hereafter "criminal court") summarized the factual and procedural history of this matter as follows:

> On April 17, 2023, [Appellant] plead guilty to one (1) count of Endangering the Welfare of Children [(EWOC)], 18 Pa.C.S. § 4303(a)(1).
>
> Pursuant to a plea agreement, [Appellant] was sentenced to a period of five (5) years' probation with restrictive conditions, including supervised child visitation with [the Allegheny County Office of Children, Youth and Families (CYF)].

Allegheny County detectives included the following as part of the affidavit of probable cause in this case:

On Saturday March 19th, your affiants responded to Children's Hospital to investigate a report of a 5-month-old male child with numerous injuries. This child, [subsequently identified as Appellant's son,[1]] resides with his parents at 419 W 9th Ave, Tarentum, PA 15084 within Allegheny County. [The child] was found to have a recently fractured left humerus, 3 rib fractures and 6 vertebrae fractures. The fractures to the ribs and vertebrae showed signs of healing. The evaluating physician, Dr. Eichman, said [the child's] current injury to the humerus and healing injuries to the ribs and vertebrae were consistent with nonaccidental trauma and were indicative of abuse. Dr. Eichman also said the injuries would have caused considerable pain to [the child], and a supervising adult would have been aware that [the child] was in pain at the time the injuries were caused. Dr. Eichman also explained that considerable force would have been used to cause the injuries.

Crim. Ct. Op., 11/7/24, at 2-3 (some formatting altered).

We add that the sentencing order states in pertinent part: "[Appellant] is only permitted to see [his] children during supervised CYF visits." Sentencing Order, 4/17/23.

Appellant did not file any post-sentence motions, nor did Appellant file a notice of appeal from the judgment of sentence. On May 3, 2024, Appellant filed a motion to modify a condition of his probation. Therein, Appellant explained that the Family Division of the Court of Common Pleas of Allegheny County (family court) had adjudicated Appellant's two children dependent. *See* Appellant's Mot. for Modification of Condition of Probation, 5/3/24, at 1 (unpaginated). Appellant requested that the criminal court modify the

_____

[1] *See* N.T., 4/17/23, at 4-5.

- 2 -

probation condition, which prohibits Appellant from having visitation with his Children except under CYF supervision, and instead defer all decisions regarding visitation to the family court. **See id.** at 5 (unpaginated). On May 9, 2024, the criminal court held a hearing on Appellant's motion. Appellant's counsel presented argument in support of the request to modify the probation conditions but did not call any witnesses or present any evidence. **See** N.T., 5/9/24, at 2-26. The criminal court subsequently entered an order denying Appellant's motion on May 13, 2024.[2]

Appellant then filed a petition for review of a collateral order with this Court on May 15, 2024. On July 29, 2024, this Court ordered that Appellant's petition for review must be treated as a timely notice of appeal. **See** Order, 34 WDM 2024, 7/29/24; **see also** Pa.R.A.P. 905(a), 1316. Appellant and the criminal court subsequently complied with Rule 1925(b).

Appellant raises the following issues on appeal, which we reorder as follows:

1. Did the criminal court lack legal authority to impose a condition of probation requiring that []CYF supervise visits between [Appellant] and his dependent children where the criminal court lacked subject matter jurisdiction over matters involving

---

[2] We note the criminal court's order was entered on the docket on May 9, 2024, but was time-stamped and served on the parties on May 13, 2024. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (stating that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket" (citations omitted)); **see also** Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1). We have amended the caption accordingly.

the visitation of parents with their dependent children, which is properly vested in the family [court]?

2. Did the criminal court lack legal authority to impose a condition of probation requiring that []CYF supervise visits between [Appellant] and his children where []CYF is an independent county agency created by statute, and its authority to supervise visits between parents and children is based on the procedures set forth in the Juvenile Act, not the Sentencing Code?

3. Did the criminal court abuse its discretion when it imposed the probation condition because the condition is a drastic departure from the sentencing concepts reflected in the Sentencing Code and not designed to promote [Appellant's] efforts at rehabilitation, but rather, it has thwarted his efforts at rehabilitation by preventing []CYF from making reasonable efforts to assist him [in] achiev[ing] the permanency goal of reunification in the dependency case?

4. Did the criminal court abuse its discretion when it imposed the probation condition where it was not narrowly tailored to effectuate the state's dual compelling interests of protecting children and preserving families as required to justify the infringement of [Appellant's] fundamental liberty interest to raise his children as guaranteed by the 5th and 14th Amendments of the United States Constitution and Article I section 1 and 9 of the Pennsylvania Constitution?

Appellant's Brief at 5-6 (some formatting altered).[3]

**Legality of the Sentence**

Appellant's first two issues are related; therefore, we discuss them together. Appellant argues that under the Juvenile Act,[4] the family court, not

_____

[3] Additionally, Appellant filed an application for post-submission communication, requesting that this Court enter an order directing the criminal court to address Appellant's April 3, 2025 motion to modify the conditions of probation notwithstanding this pending appeal.

[4] 42 Pa.C.S. §§ 6301-6387.

- 4 -

the criminal court, has exclusive subject matter jurisdiction over matters involving a parent's visitation with his or her dependent children. *Id.* at 42-45 (citing, *inter alia*, 42 Pa.C.S. § 6303(a)(1); *In re C.S.M.F.*, 89 A.3d 670, 678-79 (Pa. Super. 2014)). Appellant contends that because the family court has exclusive jurisdiction over this matter, this Court should vacate the criminal court's order and remand with instructions for the criminal court to modify the conditions of Appellant's probation to permit the family court to make determination regarding Appellant's visitation with his children. *Id.* at 45; *see also id.* at 53-54 (reflecting Appellant's argument that the Juvenile Act is a special provision and should be construed as prevailing over the general provisions of the Sentencing Code pursuant to 1 Pa.C.S. § 1933). Appellant claims that this case involves a "stalemate between the criminal probation condition and the dependency case[s]" which "has created an absurd and unreasonable result." *Id.* at 60 (citing 1 Pa.C.S. § 1922(1)).

Additionally, Appellant argues that the criminal court did not have the authority to order CYF to supervise Appellant's visitation with his children because, unlike the county probation department, CYF "is not an arm of the [criminal] court, but an independent county agency." *Id.* at 45-47 (citations omitted). Appellant further contends that CYF's authority to supervise visitation between a parent and a child arises out of a family court's adjudication that a child is dependent, not from a criminal conviction. *Id.* at 46-47 (citing, *inter alia*, 42 Pa.C.S. § 6351(a)(2)(iii)). Appellant concludes that the probation condition requiring CYF to supervise Appellant's visitation

- 5 -

with his children is an illegal sentence because the criminal court does not have any authority to order CYF to supervise that visitation. *Id.* at 48-49. However, Appellant concedes that "the probation condition did not order []CYF to supervise [Appellant's] visits [with his children], but merely required that visits be supervised by []CYF." *Id.* at 45-46.

A challenge to the trial court's statutory authority to impose a particular sentence goes to the legality of the sentence. *See Commonwealth v. Warunek*, 279 A.3d 52, 54 (Pa. Super. 2022). Review of the legality of a sentence "presents a pure question of law. As such, our scope of review is plenary and our standard of review *de novo*." *Commonwealth v. Wright*, 276 A.3d 821, 827 (Pa. Super. 2022) (citations omitted and formatting altered); *see also Commonwealth v. Andrews*, 173 A.3d 1219, 1221 (Pa. Super. 2017) (explaining that statutory interpretation is a question of law); *Commonwealth v. Salley*, 957 A.2d 320, 322 (Pa. Super. 2008) (holding that a challenge to the trial court's jurisdiction presents a question of law).

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Warunek*, 279 A.3d at 54 (citation omitted and some formatting altered); *see also Commonwealth v. Tucker*, 143 A.3d 955, 960 (Pa. Super. 2016) (stating "[a]n illegal sentence must be vacated" (citation omitted)). Additionally, any order entered by a court that lacks jurisdiction is a legal nullity. *See generally Salley*, 957 A.2d at 322-25.

In **_Andrews_**, this Court stated:

When interpreting a statute, this Court must apply the Statutory Construction Act of 1972. **_See_** 1 Pa.C.S. §§ 1501-1991. The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature and give effect to all of the provisions of the statute. 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Generally, a statute's plain language provides the best indication of legislative intent. In reading a statute's plain language, words and phrases shall be construed according to rules of grammar and according to their common and approved usage, while any words or phrases that have acquired a peculiar and appropriate meaning must be construed according to that meaning.

**_Andrews_**, 173 A.3d at 1221 (some citations omitted and formatting altered).

Further, "[w]hen there is an interpretation available that gives effect to all of the statute's phrases and does not lead to an absurd result, that interpretation must prevail." **_Commonwealth v. McCoy_**, 962 A.2d 1160, 1168 (Pa. 2009); **_see also_** 1 Pa.C.S. § 1922(1).

Section 1933 of the Statutory Construction Act states:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933.

The Sentencing Code requires that when imposing sentence, the trial court must consider "the protection of the public, the gravity of the offense as

- 7 -

it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Further, the Sentencing Code authorizes the criminal court to impose conditions of probation as follows:

> **(b) Conditions generally.**—Conditions shall be assessed and ordered based on individualized circumstances. Following an individualized assessment of the defendant, including the defendant's history and the underlying crime or crimes committed, the court shall attach only those conditions that the court deems necessary and the least restrictive means available to promote the defendant's rehabilitation and protection of the public[.]

42 Pa.C.S. § 9763(b).

The Juvenile Act applies to, among other matters, "[p]roceedings in which a child is alleged to be delinquent or dependent." 42 Pa.C.S. § 6303(a)(1). The purpose of the Juvenile Act, among other things, is "[t]o preserve the unity of the family whenever possible or to provide another alternative permanent family when the unity of the family cannot be maintained[]" and "[t]o provide for the care, protection, safety and wholesome mental and physical development of children coming within the provisions of this [Act]." 42 Pa.C.S. § 6301(b)(1)-(1.1) (some formatting altered).

If the family court finds that a child is a dependent child, the court shall enter an order of disposition that is "best suited to the safety, protection and physical, mental, and moral welfare of the child." 42 Pa.C.S. § 6351(a). In its disposition order, the family court may temporarily transfer legal custody

of the child to an agency that is "authorized by law to receive and provide care for the child." 42 Pa.C.S. § 6351(a)(2). Further, the family court may include a schedule for visitation with the dependent child , along with any limitations on visitation, in its dispositional order. *See* Pa.R.J.C.P. 1512(D)(1)(k), 1515(B)(3).

In ***C.S.M.F.***, the child's maternal grandparents filed a custody complaint in the criminal court after the child's father had been arrested and charged with murdering the child's mother. *See **C.S.M.F.**,* 89 A.3d at 672. Afterwards, the child's older half-brother and his wife (the child's sister-in-law) sought to intervene in the custody action, filed a private dependency petition, and requested that the criminal court transfer the case to the family court. ***See id.*** Ultimately, the criminal court declined to transfer the case to the family court and dismissed the half-brother and sister-in-law's custody complaint and private dependency petitions for lack of standing. ***See id.*** at 672-73. On appeal, this Court explained that "notwithstanding the fact that the trial court sitting in the criminal division has general jurisdiction over" the dependency matter pursuant to 42 Pa.C.S. § 952,[5] in light of Supreme Court precedent, the criminal court did "not have the authority to address subject matters that are more appropriately decided in the [family] court." ***Id.*** at

---

[5] Section 952 provides, in relevant part, "[i]n a court of common pleas having two or more divisions each division of the court is vested with the full jurisdiction of the whole court, but the business of the court may be allocated among the divisions of the court by or pursuant to general rules." 42 Pa.C.S. § 952.

679. Therefore, this Court ordered that on remand, the criminal court transfer the dependency matter to the family court. *See id.*; *cf. Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. Super. 2003) (holding that "all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code").

Here, the criminal court explained:

In [Appellant's] first allegation of error he cites 42 Pa.C.S. § 6351[], which is captioned "Disposition of dependent child". The court was not dealing with that issue, a juvenile matter. This allegation is without merit; and [Appellant's] argument of a juvenile matter as a basis for termination of probation is misplaced.

Next [Appellant] argues that [the family court], not [the criminal court] has subject matter of matters involving the visitation of a parent with dependent children. The [criminal] court does not disagree. [Appellant] in this case committed a crime in Allegheny County, was charged, plead guilty and was given a lawful sentence. This issue is meritless.

\* \* \*

[Appellant] also alleges the [criminal] court erred by violating the Pennsylvania Juvenile Act and the Adoption of Safe Families Act which set forth procedures for the out-of-home placement of dependent children. [Appellant] was seeking modification of probation in a criminal case, and the court was not addressing the issue of placement of a dependent child. This claim is without merit.

[Appellant] next argues that the [criminal] court was not specifically authorized to allow only supervised visits of the victim under 42 Pa.C.S. § 9701 [*et seq.*] by [Appellant]. The [criminal] court was well within the bounds of its obligation to ensure the safety of an infant victim who had been injured by [Appellant].

Next [Appellant] alleges the [judgment] of sentence divests the family [court] of the authority to supervise [Appellant] towards

the [goal] of reunification. The [criminal] court has taken no action whatsoever to usurp the authority of the family [court].

Crim. Ct. Op., 11/7/24, at 4-5 (some formatting altered).

Based on our review of the record, we conclude that the criminal court had jurisdiction to impose the probation condition requiring Appellant to have supervised visitation with his children. *See Salley*, 957 A.2d at 322. Further, we conclude that Appellant's reliance on *C.S.M.F.* is misplaced. In that case, this Court held that the criminal court did not have jurisdiction to hear either the custody or dependency matters and ordered the criminal court to transfer those matters to the family court. *See C.S.M.F.*, 89 A.3d at 672-73, 679. Here, the criminal court accepted Appellant's guilty plea and imposed a sentence of five years' probation. The family court adjudicated Appellant's children dependent in separate proceedings. Therefore, the procedural history of this case is distinguishable from that of *C.S.M.F.* and we conclude that the criminal court had jurisdiction to sentence Appellant accordingly after Appellant pled guilty to EWOC. *See Bethea*, 828 A.2d at 1074.

Next, we conclude that the criminal court had the statutory authority to impose the probation condition that Appellant could not have contact with his children except for supervised visitation. *See Warunek*, 279 A.3d at 54; *Wright*, 276 A.3d at 827; *Salley*, 957 A.2d at 322. Here, Appellant pleaded guilty to EWOC where the victim was one of his children. The criminal court had the authority to impose the probation condition requiring supervised visits to protect the minor victim. *See* 42 Pa.C.S. §§ 9721(b), 9763(b).

Further, we reject Appellant's argument that the Juvenile Act deprives the criminal court of jurisdiction to impose probation conditions related to a probationer's visitation with any children who have been adjudicated dependent. We do not discern an irreconcilable conflict between the Sentencing Code, which authorizes the criminal court to impose conditions of probation to protect the victims of crimes and the Juvenile Act, which authorizes the family court to enter an order of disposition that is best suited to the safety, protection, and welfare of a dependent child. *Compare* 42 Pa.C.S. §§ 9721(b), 9763(b) *with* 42 Pa.C.S. §§ 6301, 6351. Appellant has failed to cite legal authority indicating that ongoing dependency proceedings initiated pursuant to the Juvenile Act involving a child victim negates the power of a criminal court to impose an appropriate sentence for a convicted defendant who is the parent of the victimized child.

Additionally, we disagree with Appellant's contention that this probation condition has produced an absurd result because it has impacted the dependency proceedings. To the contrary, if this Court were to adopt Appellant's position, a criminal court could **never** impose any conditions designed to protect a child victim from a parent who has been convicted of committing a crime against that child if the child victim is the subject of ongoing dependency proceedings. We reject Appellant's position because that interpretation of the Juvenile Act and the Sentencing Code produces an absurd result which does not give effect to all of the Sentencing Code's provisions.

*See McCoy*, 962 A.2d at 1168; *see also Andrews*, 173 A.3d at 1221; 1 Pa.C.S. § 1922(1).

Lastly, as noted above, Appellant has conceded that the criminal court's probation condition does not order CYF to supervise Appellant's visitation with his Children. *See* Appellant's Brief at 45-46; *see also* Sentencing Order, 4/17/23 (stating that "[Appellant] is only permitted to see [his] children during supervised CYF visits"). Therefore, we discern no merit to Appellant's argument that the criminal court lacked the authority to order CYF to supervise Appellant's visitation with his children because the criminal court never ordered CYF to supervise visitation.

For these reasons, we conclude that the probation condition that prohibits Appellant from having contact with his children except in a setting supervised by CYF is not an illegal sentence and Appellant is not entitled to relief on these claims.

**Discretionary Aspects of Sentencing**

Appellant's third and fourth issues are related; therefore, we discuss them together. First, Appellant argues that the criminal court abused its discretion by denying his motion to modify the probation condition regarding supervised visitation because that condition is not reasonably related to Appellant's rehabilitation. Appellant's Brief at 26-41. Appellant asserts that he preserved this claim because it is a subsidiary issue of the one he raised in paragraph "e" of his Rule 1925(b) statement. Appellant's Reply Brief at 1-3. Next, Appellant contends that the criminal court abused its discretion by

- 13 -

denying his motion to modify the probation condition because that condition violates his constitutional due process rights as a parent "to make decisions concerning the care, custody, and control of" his children.  Appellant's Brief at 49-50 (citing, *inter alia*, **Troxel v. Granville**, 530 U.S. 57, 65 (2000)).

The Commonwealth responds that Appellant waived his claim that the probation condition regarding supervised visitation is not reasonably related to his rehabilitation because Appellant failed to raise it in his motion to modify the probation condition or in his Rule 1925(b) concise statement. Commonwealth's Brief at 12-14.  Additionally, the Commonwealth contends that even if Appellant preserved this claim, it does not raise a substantial question that the sentence is inappropriate under the sentencing code.  ***Id.*** at 14-15.  The Commonwealth concedes that Appellant's claim that the probation condition violates his constitutional rights as a parent presents a substantial question but the Commonwealth argues that the criminal court did not abuse its discretion in imposing that probation condition.  ***Id.*** at 32-37.

Appellant's claims challenge the discretionary aspects of his sentence. **See generally Commonwealth v. Pilchesky**, 1408 MDA 2019, 2020 WL 3055941, at *3 (Pa. Super. filed June 8, 2020) (unpublished mem.) (concluding that an appeal from an order modifying a condition of the

defendant's probation as a challenge to the discretionary aspects of the sentence).[6]

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citation omitted); *see also* Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not raised in a Rule 1925(b) statement or in accordance with that Rule are waived); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

---

[6] *See* Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

However, Rule 1925 provides, in relevant part, that "[e]ach error identified in the Statement will be deemed to include every subsidiary issue that was raised in the trial court[.]" Pa.R.A.P. 1925(b)(4)(v). Our Supreme Court has held that a subsidiary issue is one that is "'included' within the stated issue." **Commonwealth v. Price**, 284 A.3d 165, 170 (Pa. 2022). The Court further explained that "the question is whether resolution of the two issues is sufficiently connected to each other such that the resolution of one may depend in some respect upon resolution of the other. This interrelationship typically occurs when the unstated issue is an element of, or important to, the broader stated issue." **Id.** at 170-71.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Battles**, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Grays**, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant did not raise his supervised visitation claim in his motion to modify that probation condition nor in his Rule 1925(b) statement. Specifically, Appellant raised the following issue in paragraph "e" of his Rule 1925(b) statement:

- 16 -

> The Pennsylvania Sentencing Code, 42 Pa.C.S. § 9701, *et. seq.*, does not authorize the court to impose a condition of probation that []CYF supervise visitation between [Appellant] and his children. 42 Pa.C.S. § 9763(b). Nor has the Pennsylvania General Assembly manifested the clear intention that the general provisions of the Sentencing Code should control when they interfere with, or contradict, the specific provisions of the Juvenile Act in matters concerning the visitation of parents with dependent children. 1 Pa.C.S. § 1933.

Appellant's Rule 1925(b) Statement, 10/11/24, at ¶e (unpaginated) (some formatting altered).

The preceding claim is a challenge to the criminal court's statutory authority to impose conditions of probation regarding supervised visitation. *See id.* We note that Appellant's claim that the criminal court abused its discretion by denying his request to modify a probation condition is not reasonably related to his rehabilitation is not included in his Rule 1925(b) statement. *See Price*, 284 A.3d at 170-71. Therefore, Appellant's first challenge to the discretionary aspects of his sentence is not a subsidiary issue of the one that Appellant preserved this issue for appeal. *See id.* Accordingly, this issue is waived. *See Malovich*, 903 A.2d at 1251; Pa.R.A.P. 1925(b)(4)(viii).

With respect to Appellant's remaining issue, the record reflects that Appellant preserved his claim that the supervised visitation probation condition violates his constitutional due process rights as a parent by raising it in his motion to modify the probation condition, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. This claim raises

a substantial question for our review. *See Commonwealth v. Koren*, 646 A.2d 1205, 1208 (Pa. Super. 1994) (holding that a claim that a probation condition "is unreasonable because it unduly restricts [the defendant's] liberty" raises a substantial question).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

- 18 -

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Raven***, 97 A.3d 1244, 1253-54 (Pa. Super. 2015) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered); ***see also*** 42 Pa.C.S. § 9763(b) (stating that "the court shall attach only those conditions [of probation] that the court deems necessary and the least restrictive means available to promote the defendant's rehabilitation and protection of the public").

Further, Section 9771 of the Sentencing Code provides, in relevant part: "[t]he court has inherent power to at any time terminate continued supervision [or] lessen the conditions upon which an order of probation has been imposed . . . ." 42 Pa.C.S. § 9771(a).[7]

---

[7] This is the version of Section 9771 that was in effect at the time the criminal court made its decision. Effective June 11, 2024, Section 9771 was

*(Footnote Continued Next Page)*

- 19 -

The Supreme Court of the United States has explained that

the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court. More than 75 years ago, . . . we held that the "liberty" protected by the Due Process Clause includes the right of parents to establish a home and bring up children" and "to control the education of their own.

*Troxel*, 530 U.S. at 65 (citation omitted and some formatting altered).

However, "it is well-established that 'a person placed on probation does not enjoy the full panoply of constitutional rights otherwise enjoyed by those who have not run afoul of the law.'" *Commonwealth v. Sulpizio*, 281 A.3d 352, 361 (Pa. Super. 2022) (quoting *Koren*, 646 A.2d at 1209).

Here, the criminal court explained:

[Appellant] next alleges the court erred by violating 42 Pa.C.S. § 9763(b) . . . .

\* \* \*

The [criminal] court considered [Appellant's] criminal history, the underlying crime committed, and the necessity to protect an infant child from further physical abuse by [Appellant]. [Appellant] didn't present a scintilla of evidence in support of modifying probation, nor did he call [his] probation officer, or any other witnesses.

\* \* \*

Finally, defendant alleges the [criminal] court interfered with his fundamental liberty interest to "raise his children" as guaranteed by the 5th and 14th Amendments to the United States and Pennsylvania Constitutions. To the contrary, the [criminal] court entered the conditions of probation as part of its sentence to protect the infant son of [Appellant] from being subjected to

_____

subsequently amended. *See* 42 Pa.C.S. § 9771 (amended by Act of Dec. 14, 2023, P.L. 381, No. 44, § 3, effective in 180 days).

further abuse and physical injury by [Appellant]. This claim is meritless.

Crim. Ct. Op., 11/7/24, at 5-6 (some formatting altered).

Following our review of the record, we discern no abuse of discretion. *See Raven*, 97 A.3d at 1253. Here, Appellant pled guilty to EWOC in connection with injuries that Appellant inflicted on his then-five-month-old child and the criminal court imposed a sentence of five years' probation. *See* N.T., 4/17/23, at 4-5, 10-18. As a result, Appellant does not enjoy the full panoply of constitutional rights enjoyed by a person who has not been convicted of a crime while he is serving his sentence of probation. *See Sulpizio*, 281 A.3d at 361; *Koren*, 646 A.2d at 1209. Therefore, we conclude that the probation condition does not unduly restrict Appellant's liberty. *See Sulpizio*, 281 A.3d at 361; *Koren*, 646 A.2d at 1209. Further, as noted by the criminal court, Appellant did not present any evidence nor credible legal authority to support his claims in his motion to modify the probation condition. For these reasons, we discern no abuse of discretion by the criminal court when it denied Appellant's motion to modify. Accordingly, we affirm the criminal court's order.

Order affirmed. Application for post-submission communication denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>6/24/2025</u>